UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PAUL T. EDWARDS,
        Plaintiff,

        v.                                     CASE NO. 3:14-cv-1714 (VAB)

NORTH AMERICAN POWER
AND GAS, LLC,
        Defendant.

**RULING ADDRESSING THE COURT'S**
**SUBJECT MATTER JURISDICTION**

Plaintiff, Paul T. Edwards, is a Connecticut resident who has brought a putative class action against North American Power and Gas, LLC ("NAPG"), a Connecticut citizen. As the Court summarized in detail in a prior ruling, Ruling on Def.'s Mot. to Dismiss, ECF No. 39, Mr. Edwards alleges that NAPG promised consumers low rates on electricity tied to the wholesale market rate and subsequently charged exorbitant rates that were unrelated to the wholesale market rate.

Mr. Edwards has filed a Motion to Amend the Complaint, ECF Nos. 45, 52, seeking to add additional legal claims and several Plaintiffs who reside in states other than Connecticut. Before ruling on this motion, the Court would like to raise some concerns it has about its subject matter jurisdiction over this case. If Mr. Edwards is able to address these concerns, as explained below, the Court will then rule on his Motion to Amend the Complaint.

**I.**     **Procedural History**

When Mr. Edwards initiated this lawsuit, he alleged claims of unjust enrichment, breach of the covenant of good faith and fair dealing, and violations of the unfair trade practices laws of Connecticut, Maine, New Hampshire, and Rhode Island. Compl., ECF No. 1. Mr. Edwards, an

alleged Connecticut resident, was the sole Plaintiff named in the case. But he sought to represent a class that contained consumers with property in Maine, New Hampshire, and Rhode Island, as well as in Connecticut who enrolled in NAPG's variable rate electricity plan. *Id.* ¶36. The Court granted NAPG's Motion to Dismiss in part, dismissing the claims for unjust enrichment under Connecticut law and all claims under Maine, New Hampshire, and Rhode Island law. Ruling on Def.'s Motion to Dismiss, ECF No. 39.

At this time, Mr. Edwards is the sole named Plaintiff in this lawsuit and seeks to represent a class of consumers who enrolled in NAPG's "variable rate electric plan in connection with a property located within Connecticut." Compl. ¶36, ECF No. 1. The only claims that remain in the case are for breach of the covenant of good faith and fair dealing under Connecticut law and a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a *et seq.*

After ruling on the Motion to Dismiss, the Court provided Mr. Edwards with leave to amend his Complaint to add plaintiffs from other states by October 5, 2015. *See* Scheduling Order, ECF No. 32 (allowing motions to add parties or amend the pleadings to be filed sixty days after the Court's ruling on the Motion to Dismiss). Mr. Edwards filed his initial Motion to Amend the Complaint, ECF No. 45, on November 30, 2015.[1] He asks the Court for leave to add named Plaintiffs from Rhode Island and New Hampshire as well as claims under each respective state's unfair trade practices law and claims under each state's law for breach of contract and breach of the covenant of good faith and fair dealing. Am. Mot. to Amend Compl., ECF No. 52; *see* Proposed Am. Compl., ECF No. 52-1. He also seeks to add a breach of contract claim[2]

---

[1] He filed an amended version on December 29, 2015, which renders the earlier motion moot. Am. Mot. to Amend Comp., ECF No. 52.
[2] Mr. Edwards notes that his claim for breach of the covenant of good faith and fair dealing is now alleged "in the alternative" to his breach of contract claim. *See* Proposed Am. Compl. at Count V, ECF No. 52-1.

2

under Connecticut law.  *See* Proposed Am. Compl. at Count IV, ECF No. 52-1.  Finally, he asks to add an additional named Plaintiff, Gerry Wendrovsky, who resides in New York but owns property in Connecticut.  *Id.*  ¶9.  NAPG opposes Mr. Edwards's motion.  Def.'s Opp. Br., ECF No. 53.

## II.     Discussion

As a general matter, federal courts are courts of limited jurisdiction, meaning they are only authorized to resolve cases that either address questions of federal law or satisfy diversity jurisdiction requirements.  *See* 28 U.S.C. §§ 1331, 1332; *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009).  A district court must be assured of its subject matter jurisdiction over matters pending before it at all times.  *See Dupont*, 565 F.3d at 62; *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).  The party asserting federal jurisdiction also has the burden of showing that a case falls within a district court's jurisdiction.  *See Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.").  To this end, a complaint must contain "a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).

Mr. Edwards's Complaint indicates that this Court has subject matter jurisdiction under 28 U.S.C. §1332(d), which addresses diversity jurisdiction requirements for class actions.  *See* Compl. ¶10, ECF No. 1; Proposed Am. Compl. ¶14, ECF No. 52-1.  Section 1332(d)(2) provides that federal district courts have "original jurisdiction" over class actions involving an amount in controversy of more than $5,000,000, where "any member" of the class of plaintiffs "is a citizen of a State different from any defendant."  28 U.S.C. §1332(d)(2)(A); *see also Estate of Pew v.*

*Cardarelli*, 527 F.3d 25, 30 (2d Cir. 2008).  It also requires that the putative class contain at least 100 members.  28 U.S.C. §1332(d)(5)(B); *see also Blockbuster*, 472 F.3d at 56.[3]

As the text of subsection (d)(2) reveals, a plaintiff need not show complete diversity (*i.e.*, that all plaintiffs are citizens of a different state than the defendant) to sustain federal subject matter jurisdiction over a class action.  Instead, he need only indicate the existence of minimal diversity, or that one plaintiff class member is a citizen of a different state from the defendant.  *See Blockbuster*, 472 F.3d at 56; *see also BlackRock Fin. Mgmt. Inc. v. Segregated Account of Ambac Assurance Corp.*, 673 F.3d 169, 175 (2d Cir. 2012) (observing that the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, "expanded federal jurisdiction to permit a defendant to remove to federal court a class action… notwithstanding the absence of complete diversity or federal question otherwise required for removal.").

In opposing Mr. Edwards's Motion to Amend the Complaint, NAPG argues that Mr. Edwards has failed to allege the existence of minimal diversity, as the lawsuit currently stands, because the initial Complaint indicates that he, the putative class members, and NAPG are all Connecticut citizens.  *See* NAPG's Opp. Br. 2, ECF No. 53.  It reasons that without minimal diversity, the Court lacks subject matter jurisdiction.  *Id.*  In other words, NAPG argues that the case lacks minimal diversity unless Mr. Edwards's Motion to Amend the Complaint is granted.  The Court agrees with this conclusion, but has also identified an ambiguity in Mr. Edwards's allegations of citizenship that it would like him to address first.

Mr. Edwards has successfully alleged that NAPG is a Connecticut and Delaware citizen.  For the purpose of analyzing diversity jurisdiction, corporations are citizens of both the place they are incorporated and their principal place of business.  *See* 28 U.S.C. §1332(c)(1) ("[A]

---

[3] These jurisdictional provisions apply to a case that is brought as a class action, even before the class is certified.  *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 n.7 (2d Cir. 2000); 28 U.S.C. §1332(d)(8) ("This subsection shall apply to any class action before or after the entry of a class certification order by the court….").

corporation shall be deemed to be a citizen of every State [ ] by which it has been incorporated and of the State [ ] where it has its principal place of business…."); *see also Ventimiglia v. Tishman Speyer Archstone-Smith Westbury, L.P.*, 588 F. Supp. 2d 329, 336 (E.D.N.Y. 2008) (observing that an organization may be a citizen of two states where it's principal place of business is in one state and it is organized under the laws of another).  Mr. Edwards alleges that NAPG is incorporated in Delaware, with its principal place of business in Connecticut.  Compl. ¶9, ECF No. 1; Proposed Am. Compl. ¶13, ECF No. 52-1.[4]  Thus, NAPG is a Connecticut and Delaware citizen.  For minimal diversity to exist, Mr. Edwards must show that one member of the Plaintiffs' class is a citizen of another state.

Individuals are citizens of the place they are domiciled, or where they are physically located with intent to stay.  *See Universal Reins. Co. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141(2d Cir. 2000) ("[E]stablishing one's domicile in a state generally requires both physical presence there and intent to stay."). The Second Circuit has indicated that alleging that an individual is a "resident" of a certain state is insufficient to indicate that individual's citizenship.  *Canedy v. Liberty Mut. Ins. Co.*¸ 126 F.3d 100, 103 (2d Cir. 1997) ("it is well-established that allegations of residency alone cannot establish citizenship…").  In the class action context, the Second Circuit also has found that an allegation that a class consisted of "New York customers" was sufficient to allege the citizenship of those class members for the purposes of diversity analysis.  *See e.g.*, *Blockbuster*, 472 F.3d at 59 (holding that the allegation that a putative class involved "'thousands' of 'New York customers'" alleged the citizenship of those class members sufficiently to establish the existence of minimal diversity in a case against a corporation that was a citizen of Delaware and Texas).

---

[4] NAPG does not challenge the factual accuracy of these allegations.

In both the original Complaint and the Proposed Amended Complaint, Mr. Edwards alleges only that the various named Plaintiffs are "residents" of certain states.[5] As noted above, this allegation is insufficient to establish the citizenship of any of these individuals. The Proposed Amended Complaint defines the proposed class as "[a]ll persons enrolled in a [NAPG] variable rate electric plan in connection with a property located within Connecticut, Rhode Island and/or New Hampshire at any time within the applicable statutes of limitations…." Proposed Am. Compl. ¶58, ECF No. 52-1. It further defines subclasses for Plaintiffs that have purchased NAPG's services in each respective state. *Id.* ¶¶59-61.

These class definitions do not indicate that class members are "Connecticut consumers," "New Hampshire consumers," or "Rhode Island consumers" but rather that they pay for electric services to be delivered to property located in each of those respective states. Because these allegations do not indicate where any of the Plaintiffs are located with intent to stay, they fail to indicate the citizenship of any of class members. Accordingly, the Court finds that it cannot determine the citizenship of any individuals on the Plaintiffs' side of the case, with or without the proposed amendment.[6]

That said, the Court believes that this oversight presents a merely technical or superficial problem, because the named Plaintiffs are likely citizens of the states in which they are alleged to

---

[5] For example, in the Proposed Amended Complaint, he alleges that "Plaintiff Paul T. Edwards is a resident of New Britain, Connecticut." Proposed Am. Compl. ¶8, ECF No. 52-1.

[6] It seems likely enough that Mr. Edwards is a Connecticut citizen that, without allegations about the citizenship of any other class members, Mr. Edwards has failed to meet his burden to show diversity jurisdiction exists at this stage. *See e.g.*, *Davies v. Tomushunas*, No. 5:13-CV-1305, 2013 WL 6497770, at *3 (N.D.N.Y. Dec. 10, 2013) (Recommended Ruling adopted by the District Court) (no subject matter jurisdiction where the plaintiff was alleged to be a resident of the same state as the defendant). As such, arguably, the Court should have dismissed this lawsuit when it ruled on the Motion to Dismiss. *See e.g.*, *Lucker v. Bayside Cemetery*, 262 F.R.D. 185, 188 (E.D.N.Y. 2009) (dismissing proposed class actions because minimal diversity did not exist where the named plaintiff and defendants were all citizens of the same state). However, any such dismissal would have been without prejudice. *See Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."); *Shields v. Murdoch*, 891 F. Supp. 2d 567, (S.D.N.Y. 2012) ("[C]ourts in this Circuit generally afford an opportunity for amendment of the pleadings to cure defective jurisdictional allegations unless the record clearly indicates that the complaint could not be saved by any truthful amendment") (internal quotation marks omitted) (citing *Dupont*, 565 F.3d at 65-66).

reside.  Thus, it will allow Mr. Edwards an opportunity to correct the issue by filing a proposed amended complaint clearly indicating the citizenship or domicile of each named Plaintiff in this case and/or the members of the proposed class as needed to indicate that the Court has subject matter jurisdiction over this case.  *See Canedy*, 126 F.3d at 103.  For the Court to have subject matter jurisdiction over this case, Mr. Edwards must allege that at least one named Plaintiff or class member is a citizen of a state other than Connecticut and Delaware.  *See Blockbuster*, 472 F.3d at 58-59 (noting that minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant…") (quoting 28 U.S.C. §1332(d)(2)); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 962 F. Supp. 2d 606, 628 (S.D.N.Y. 2013) (explaining that minimal diversity is satisfied where "at least one member of the putative class is diverse from at least one defendant….").[8]

The Court cannot address Mr. Edwards's Motion to Amend his Complaint until it is satisfied that minimal diversity exists in this case.  *See Arbaugh*, 546 U.S. at 506.  It will rule on the motion, as expeditiously as possible, after Mr. Edwards has filed a new proposed amended complaint.

---

[7] The addition of Mr. Wendrovsky as a named Plaintiff likely means that minimal diversity exists as to each subclass in the case.

[8] The statute does include exceptions to its diversity subject matter jurisdiction provisions that could be applicable here—namely the home state and local controversy exceptions.  If the requirements for either of these are met, the statute provides that federal courts "may" or "shall," respectively, "decline to exercise jurisdiction." 28 U.S.C. § 1332(d)(3) (home state exception), (d)(4) (local controversy exception).  The Second Circuit has reasoned that the use of the phrase "'decline to exercise' means that the exception is not jurisdictional." *Gold v. New York Life Ins.Co.*, 730 F.3d 137, 142 (2d Cir. 2013).  Thus, for the Court to consider the applicability of either of these exceptions, they must be raised by the parties.  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 n.1 (9th Cir. 2013) ("Although [the Class Action Fairness Act] carves out exceptions to the district court's exercise of jurisdiction, the obligation to raise and prove that those exceptions apply… rests on the party seeking remand.  As a result, we have no charge to consider those possibilities sua sponte."); *Barfield v. Sho-Me Power Elec. Co-op*, No. 2:11-cv-04321-NKL, 2015 WL 5022836, at *5 (W.D. Mo. Aug. 21, 2015) (observing that the burden is on the parties and not the district court to raise a Class Action Fairness Act exceptions).

### III. Conclusion

For all of the foregoing reasons, Mr. Edwards is directed to file a new proposed amended complaint addressing the Court's concerns about its subject-matter jurisdiction within twenty-one (21) days of the date of this Order.

**SO ORDERED** this 13th day of May 2016, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge