UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

PAUL T. EDWARDS,
                    Plaintiff,

          v.                                        CASE NO. 3:14-cv-1714 (VAB)

NORTH AMERICAN POWER
AND GAS, LLC,
                    Defendant.

**RULING ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Plaintiff Paul T. Edwards has brought a putative class action against North American

Power and Gas, LLC ("NAPG").[1]  Mr. Edwards has filed a motion to amend his Complaint.

Mot. to Amend Compl., ECF No. 52.[2]  He asks the Court for leave to add Plaintiffs from Rhode

Island and New Hampshire as well as claims under each respective state's unfair trade practices

law and claims under each state's law for breach of contract and breach of the covenant of good

faith and fair dealing.  Am. Mot. to Amend Compl., ECF No. 52; *see* Proposed Am. Compl.,

ECF No. 52-1.  He also seeks to add a breach of contract claim[3] under Connecticut law.  *See*

Proposed Am. Compl. at Count IV, ECF No. 52-1.  Finally, he asks to add an additional named

Plaintiff, Gerry Wendrovsky, who resides in New York but owns property in Connecticut.  *Id.*

¶9.  NAPG opposes Mr. Edwards's motion.  Def.'s Opp. Br., ECF No. 53.

After the Motion to Amend the Complaint was filed, the Court issued an Order

identifying some concerns about whether the allegations in the Complaint established subject

matter jurisdiction sufficiently.  Ruling Addressing the Court's Subject Matter Jurisdiction, ECF

---

[1] The Court has summarized the allegations and procedural history in past Orders and will not do so in a fulsome way here.  *See* Ruling on Def.'s Mot. to Dismiss, ECF No. 39; Ruling Addressing the Court's Subject Matter Jurisdiction, ECF No. 60.

[2] He filed an amended version on December 29, 2015, which renders the earlier motion, Mot. to Amend Compl., ECF No. 45, moot.

[3] Mr. Edwards notes that his claim for breach of the covenant of good faith and fair dealing is now alleged "in the alternative" to his breach of contract claim.  *See* Proposed Am. Compl. at Count V, ECF No. 52-1.

No. 60.  Mr. Edwards filed a Second Proposed Amended Complaint addressing these concerns to

the Court's satisfaction.  Am. Ex. A, Proposed Second Am. Compl., ECF No. 61.  Accordingly,

the Court can take up the Motion to Amend the Complaint.  For the reasons that follow, the

motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.        Timeliness of the Motion

NAPG first argues that the Court should not evaluate Mr. Edwards's Motion to Amend

his Complaint on the merits because it is untimely.  NAPG's Opp. Br. 6-8, ECF No. 53.  The

Court agrees that the request is *nunc pro tunc* but finds that there is good cause to excuse the

delay.

When a plaintiff moves to amend the complaint after the deadline for filing such a motion

has passed, that party must establish "good cause" for the delay under Rule 16(b)(4), which

depends primarily on the "diligence of the moving party."  *Parker v. Columbia Pictures Indus.*,

204 F.3d 326, 340 (2d Cir. 2000).  District courts may also consider "other relevant factors,

including, in particular, whether allowing the amendment of the pleading at this stage of the

litigation will prejudice defendants."  *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244

(2d Cir. 2007).  Ultimately, the decision whether to allow a late motion to amend the complaint

lies within the Court's discretion.  *See id.*

In its Ruling on NAPG's Motion to Dismiss, the Court explicitly gave Mr. Edwards

leave to amend his Complaint to add plaintiffs from other states.[4]  Mr. Edwards did not unduly

delay in doing so.  He filed his Motion to Amend six days after the first set of diverse plaintiffs

retained him, and less than two months after the Court's deadline for adding plaintiffs had

elapsed.  Mot. to Amend Compl. ¶4, ECF No. 52; *see also United States v. Cohan*, No. 3:11-CV-

---

[4] This case initially contained claims under New Hampshire, Maine, and Rhode Island law.  Compl., ECF No. 1.
The Court dismissed those claims without prejudice in its Ruling on the Motion to Dismiss, ECF No. 39, because
Mr. Edwards as a Connecticut resident lacked standing to bring claims on behalf of the residents of other states.

412(CSH), 2012 WL 4758142, at *1 (D. Conn. Oct. 5, 2012) ("[G]ood cause may be found

where the movant learns of the facts supporting amendment after expiration of the relevant filing

deadline…."). In the interim period, the parties have only engaged in document discovery, thus

the prejudice NAPG will suffer if the Court allows Mr. Edwards's late motion is limited.

Because the delay was minimal, Mr. Edwards's counsel acted diligently in finding other

diverse plaintiffs, and any prejudice suffered by NAPG will be minimal, the Court will accept

Mr. Edwards's late-filed Motion to Amend the Complaint and will proceed to review it on the

merits.

## II.    Analysis of Motion to Amend the Complaint

Rule 15 provides that "[t]he court should freely" grant leave to amend "when justice so

requires." Fed. R. Civ. P. 15(a)(2). In considering whether to grant a litigant leave to amend, the

Court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice, and

futility of amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Block v. First*

*Blood Assocs.*, 988 F.2d 344, 350 (2d Cir 1993) ("The rule in this Circuit has been to allow a

party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad

faith."). A proposed amendment is futile if it fails to state a claim that would survive a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lucente v. Int'l. Bus. Machs. Corp.*, 310

F.3d 243, 258 (2d Cir. 2002).

### A.  Proposed Rhode Island Addition

NAPG argues that adding a Rhode Island plaintiff, John Arcaro, and claims under Rhode

Island law is inappropriate because another Rhode Island plaintiff has filed a putative class

action against NAPG in the District of Connecticut, *Fritz v. North American Power & Gas, LLC*,

No. 3:14-cv-00634(WWE) (D. Conn.) and addresses the same conduct and legal claims.[5] NAPG's Opp. Br. 8-16, ECF No. 53.   Thus, NAPG asks the Court to refuse the amendment under the "prior pending action" or "first to file" doctrine.  *Id.*  Mr. Edwards agrees that his proposed Rhode Island claims are similar to those currently pending in the *Fritz* case.  Pl.'s Reply Br. 2, ECF No. 54.  But he argues that his Rhode Island case was filed first and that this Court should consolidate the Rhode Island aspect of his Proposed Amended Complaint with the *Fritz* case, rather than dismiss it.  *Id.*

The Court agrees that the *Fritz* case addresses the same conduct and legal claims[6] implicated by Mr. Edwards's proposed Rhode Island amendment.  The Second Circuit has indicated that, under the prior pending action doctrine, "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience… or special circumstances… giving priority to the second."  *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (citation and internal quotation marks omitted) (alterations in original).  Mr. Edwards included Rhode Island claims in his initial Complaint filed in November 2014, four months before the Rhode Island claims in the *Fritz* case were initially filed.

However, the Court finds that the balance of convenience tips in favor of prioritizing the *Fritz* case.  The *Fritz* case is already well into discovery on the Rhode Island claims.  As a result, it would be more efficient to favor *Fritz* over the instant case.  Moreover, Mr. Edwards's counsel explicitly asks that his Rhode Island case be consolidated with *Fritz*, not that it proceed parallel

---

[5] The Rhode Island claims in the *Fritz* matter were first asserted in *Tully v. North American Power & Gas, LLC*, No. 15-cv-469 (WWE) (D. Conn.) in March 2015.  These claims were consolidated into the *Fritz* case in June 2015. Order, ECF No. 58, *Fritz v. North American Power & Gas, LLC*, No. 3:14-cv-00634(WWE) (D. Conn.).

[6] In *Fritz*, the plaintiff has brought claims under Rhode Island law for breach of contract and a violation of the state's unfair trade practices act.  Am. Compl., ECF No. 69.  The Court in *Fritz* granted a motion to dismiss on the breach of the covenant of good faith and fair dealing claim under Rhode Island law, but the initial complaint did contain such a claim.  Order, ECF No. 68, *Fritz v. North American Power & Gas, LLC*, No.3:14-cv-00634(WWE) (D. Conn.).

to *Fritz* or instead of *Fritz*.  Pl.'s Reply Br. 4-5, 4 n.3, ECF No. 54.  Thus, he does not suggest that the Rhode Island aspect of this case be given priority.

The only remaining question is whether Mr. Edwards's Rhode Island claims should be dismissed or severed from the instant matter and consolidated with *Fritz*.  "The Court has broad discretion to determine whether consolidation or dismissal is appropriate" in this circumstance. *In re MF Global Hldgs., Ltd.*, 464 B.R. 619, 623 (Bankr. S.D.N.Y. 2012); *see also Adam*, 950 F.2d at 92 ("The decision whether or not to stay or dismissing a proceeding rests within a district judge's discretion."); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.) ("The trial court has broad discretion to determine whether consolidation is appropriate."), *cert. denied*, 498 U.S. 920 (1990); *see also e.g.*, *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 502 (S.D.N.Y. 2013) (a trial court has discretion to sever claims from a case).

Where two pending actions address the same legal claims and conduct, a court may dismiss the second action as long as the "'controlling issues in the dismissed action will be determined in the other lawsuit.'"  *Taylor v. Rell*, No. 3:05CV196(DJS), 2005 WL 2807223, at *2 (D. Conn. Oct. 24, 2005) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §1360 (2d ed. 1990)).  It may consolidate cases "when there are common questions of law or fact to avoid unnecessary costs or delay."  *Johnson*, 899 F.2d at 1284.  Here, because the class has not yet been certified in *Fritz*, Mr. Arcaro's legal claims may not be addressed if the Rhode Island claims in this case are dismissed.  The Court also finds that there are common questions of law and fact, which would make consolidation appropriate here.

The Court may "sever any claim against a party" at its discretion.  Fed. R. Civ. P. 21; *see also Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973) ("[T]he court's power to sever claims and order separate trials is [ ] discretionary."); *TLD Am. Corp. v. Mazuma Capital Corp.*, No.

3:15-cv-39 (SRU), 2015 WL 5116768, at *4 (D. Conn. Aug. 28, 2015) ("The decision whether to

sever a claim is committed to the sound discretion of the trial court.") (internal quotation marks

and citations omitted).  In determining whether to sever claims, the Court must consider the

following factors: "(1) whether the claims arise of the same transaction or occurrence; (2)

whether the claims present some common questions of law or fact; (3) whether settlement of the

claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if

severance were granted; and (5) whether different witnesses and documentary proof are required

for the separate claims."  *Oram*, 979 F. Supp. 2d at 502-03; *see also Morris v. Northrup

Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999) (same); *TLD Am. Corp.*, 2015 WL

5116768, at *4 (same).

 The proposed Rhode Island claims are distinct from the other claims in this case and are

likely to present slightly different questions of fact that are specific to the localized context of

NAPG's operation in Rhode Island.  As noted above, judicial economy weighs heavily in favor

of severing the Rhode Island claims and transferring them to the *Fritz* case.  NAPG would also

be prejudiced if it had to defend this lawsuit separately from *Fritz*.  Finally, it is unclear at this

stage whether the Rhode Island claims will have the same witnesses and evidence as claims

involving other states, but the necessary witnesses and evidence will certainly be the same as in

the *Fritz* matter.   Thus, severance of the Rhode Island claims is appropriate here.

 Because the Court has rejected the sole ground NAPG presents for dismissing the Rhode

Island claims, the Court will allow Mr. Edwards's Rhode Island amendments.  For the reasons

set forth above, it also orders that these Rhode Island claims and allegations be severed from this

case and consolidated with *Fritz v. North American Power & Gas, LLC*, No. 3:14-cv-

00634(WWE) (D. Conn.).

**B.  Proposed New Hampshire Addition**

NAPG argues that the Court lacks jurisdiction over Mr. Edwards's proposed claims under the New Hampshire Consumer Protection Act ("NHCPA"), N.H. Rev. Stat. Ann. §358-A *et seq*., because they are exempt from the Act's coverage.  NAPG's Opp. Br. 16-21, EF No. 53.  He also contends that the proposed contract-based claims under New Hampshire law are essentially the same as the NHCPA claims and that the Court lacks jurisdiction over them for the same reason. *Id.* at 19.  The Court does not believe that NAPG's argument implicates jurisdiction but rather that Mr. Edwards's proposed amendment fails to state a claim for a violation of the NHCPA under Federal Rule of Civil Procedure 12(b)(6).  However, as explained further below, it will allow Mr. Edwards to add the New Hampshire Plaintiffs and their contract-based claims under New Hampshire law.

The NHCPA exempts from its coverage "[t]rade or commerce that is subject to the jurisdiction of" several regulators, including the "public utilities commission."  N.H. Rev. Stat. Ann. §358-A:3, I ("The following transactions shall be exempt from the provisions of this chapter: [ t]rade or commerce that is subject to the jurisdiction of the bank commissioner, the director of securities regulation, the insurance commissioner, the public utilities commission, the financial institutions and insurance regulators of other states, or federal banking or securities regulators…").  In determining whether trade or commerce is exempt from the NHCPA's coverage under this provision, the Court must examine the "statutes that define the [relevant] regulator's powers and authority."  *LeDoux v. JP Morgan Chase, N.A.*, Civil No. 12-cv-260-JL, 2012 WL 5874314, at *6 (D.N.H. Nov. 20, 2012) (citation and internal quotation marks omitted).  If the statutes "grant [the regulator] the authority to supervise or regulate the trade or commerce in which the defendant's deceptive [or unfair] practice occurred, then that trade or

7

commerce is 'subject to the jurisdiction of' [that entity], and the [NH]CPA does not apply."
*Elmo v. Callahan*, Civil No. 10-cv-286-JL, 2012 WL 3669010, at *9 (D.N.H. Aug. 24, 2012)
(citations omitted); *see also Rainville v. Lakes Region Water Co.*, 163 N.H. 271, 275 (2012)
("[T]he [NH]CPA does not apply to claims of unfair competition or deceptive practices in selling
or distributing a service that is subject to the [public utilities commission's] jurisdiction.").  The
party claiming the exemption from the Act's coverage has the burden of showing that the
exemption applies.  N.H. Rev. Stat. Ann. §358-A3, V.

 Under New Hampshire law, the public utilities commission is empowered to generally
supervise "all public utilities and the plants owned, operated or controlled by the same."
*Rainville*, 163 N.H. at 275 (quoting N.H. Rev. Stat. Ann. §374:3). The New Hampshire public
utilities commission may also regulate "competitive electricity suppliers,"[7] like NAPG, in
various aspects of their businesses, other than price regulation and "including registration,
registration fees, customer information, disclosure, standards of conduct, and consumer
protective and assistance requirements."  N.H. Rev. Stat. Ann. § 374-F:7, I; *see also Halifax-
American Energy Co. v. Provider Power, LLC*, No. 218-2014-CV-00632, 2015 WL 10642711, at
*5 (N.H. Super. Ct. Dec. 7, 2015).  The commission is authorized to take various actions against
competitive energy suppliers who "engage[ ] in any unfair or deceptive acts or practices in the
marketing, sale, or solicitation of electricity supply or related services."  N.H. Rev. Stat. Ann.
§374-F:7, III(a).  These possible actions include the ability to assess fines, rescind residential
consumer contracts, and order restitution to residential consumers.  *Id.* § 374-F:7, III.

---

[7] New Hampshire law also allows for the operation of "competitive electricity suppliers" in the New Hampshire
marketplace that are not "public utilities."  N.H. Rev. Stat. Ann. §374-F:7, I (describing "competitive electricity
suppliers" as being distinct from "public utilities").

The foregoing language indicates that the public utilities commission has authority to supervise or regulate NAPG's conduct alleged to have violated the NHCPA in this case. Thus, Mr. Edwards's proposed additions are within the jurisdiction of that commission and are exempt from the NHCPA's coverage. The Court is not persuaded by either of the arguments Mr. Edwards makes to the contrary.

First, Mr. Edwards argues that, based on the rules governing the public utilities commission's operations, that the commission lacks jurisdiction over the conduct that allegedly supports an NHCPA violation. Reply Br. 8-9, ECF No. 54. But New Hampshire law indicates that in evaluating whether a claim falls under the exemption to the NHCPA, the Court's focus should be on the statute that empowers the relevant regulator, not its implementing rules. *See Rainville*, 163 N.H. at 275 ("[T]o determine when offering for sale or distribution a service is 'subject to the jurisdiction of' the [public utilities commission for the purposes of the NHCPA], we examine the *statutes* that define the [commission's] powers and authorities.") (emphasis added). Mr. Edwards cites no authority justifying an examination of the public utilities commission's rules, particularly whereas here, there is unequivocal language addressing the issue in the statute.

Second, Mr. Edwards also argues that while his claims of deception may be exempt from the NHCPA's coverage, his claims of unfair conduct are not. Reply Br. 9, ECF No. 54. He reasons that the public utilities commission's authority covers the types of disclosures required, not conduct in the marketplace. As described above, the plain language of the statute indicates otherwise. Moreover, the New Hampshire Supreme Court has indicated that, in determining whether claims fall under this exemption to the NHCPA, the relevant issue "is not whether a party's *deceptive practice* is subject to the [regulator's] jurisdiction, but whether the practice

occurred in the conduct of '*trade or commerce*' that is subject to the [regulator's] jurisdiction." *Rainville*, 163 N.H. at 276 (emphasis in original); *accord Elmo*, 2012 WL 3669010, at *10 (finding that the NHCPA's exemption did not apply because the deceptive acts occurred while the defendant was practicing law, not trading securities, and only the latter was a trade or commerce that fell under the jurisdiction of a regulator, exempting it from the NHCPA).  Thus, the distinction Mr. Edwards seeks to draw between his unfairness and deception claims is not one recognized under New Hampshire law.

Accordingly, Mr. Edwards's proposed NHCPA claim is futile, because his allegations implicate conduct that is exempted from the Act's coverage.  His request to add a claim under the NHCPA to the case is denied on that basis.  The Court is unconvinced, however, that the New Hampshire contract-based claims should be dismissed for the same reasons.  NAPG does not identify any aspect of the NHCPA that affects the validity of the proposed contract-based claims.  Because NAPG makes no other arguments suggesting that these claims are futile or should be dismissed for any other reason, the Court will permit Mr. Edwards to add them to this case.

## III.    Conclusion

For all of the foregoing reasons, the Motion to Amend the Complaint, ECF No. 52, is **GRANTED IN PART** and **DENIED IN PART**.  The Court will allow Mr. Edwards to add allegations and legal claims pertaining to NAPG's conduct in Rhode Island and orders that those claims and allegations be severed from this case and consolidated with *Fritz v. North American Power & Gas, LLC*, No. 3:14-cv-00634(WWE) (D. Conn.).  Mr. Edwards is directed to file a new complaint, containing only his Rhode Island allegations and claims, on the docket in this case within twenty-one (21) days of the date of this Ruling.  Once this complaint is filed, the

Clerk is directed to consolidate the Rhode Island aspect of this case with *Fritz v. North American Power & Gas, LLC*, No. 3:14-cv-00634(WWE) (D. Conn.) by filing the complaint containing only the Rhode Island allegations and claims in the *Fritz* matter.

      With respect to this case, the Court will allow Mr. Edwards to add the proposed New Hampshire Plaintiffs to the case, asserting claims of breach of contract and breach of the covenant of good faith and fair dealing under New Hampshire law.  It will not allow him to add a claim under the NHCPA, because this claim is futile.  The Court will also allow Mr. Edwards to add a breach of contract claim under Connecticut law and to add Mr. Wendrovsky as a Plaintiff. In addition to the Rhode Island complaint, Mr. Edwards is directed to file a second amended complaint in this matter containing only the allegations and claims that the Court has allowed to proceed in this case, and excluding the Rhode Island claims and the NHCPA claim, within twenty-one (21) days of the date of this Ruling.

      **SO ORDERED** this 1st day of June 2016, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge