# EXHIBIT 1

UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PAUL T. EDWARDS, GERRY WENDROVSKY, SANDRA DESROSIERS and LINDA SOFFRON, on behalf of themselves and all others similarly situated, | Case No: 3:14-cv-1714 (VAB) |
| Plaintiffs, | |
| v. | |
| NORTH AMERICAN POWER & GAS, LLC, | |
| Defendant. | |

## CLASS ACTION SETTLEMENT AGREEMENT

Plaintiffs Paul Edwards, Gerry Wendrovsky, Sandra Desrosiers, Linda Soffron, John Arcaro, David Fritz, Michael Tully, and Peggy Zahn, acting individually and on behalf of the Settlement Class ("Plaintiffs" or, individually, as "Plaintiff") as defined herein, and Defendant North American Power & Gas, LLC ("NAPG") enter into this Settlement Agreement ("Agreement") as of this January 16, 2018. Plaintiffs and NAPG are collectively referred to herein as the "Parties" and each, individually, as a "Party." Capitalized terms used herein are defined in Section II of this Agreement or indicated in parentheses elsewhere in this Agreement. Subject to the Court's approval, the Parties hereby stipulate and agree that, in consideration for the promises and covenants set forth in the Settlement and upon the entry by the Court of a Final Approval Order and the occurrence of the Effective Date, the Actions shall be settled and compromised upon the terms and conditions contained herein.

## I.    RECITALS

**1.1**    Plaintiff Paul Edwards filed a class action complaint against NAPG on November 18, 2014, styled as *Edwards v. NAPG,* Dkt. No. 3:14-cv-01724 (the "Edwards

1

Action"), in the United States District Court for the District of Connecticut. Mr. Edwards filed an amended complaint, adding plaintiffs Gerry Wendrovsky, Sandra Desrosiers, and Linda Soffron on June 3, 2016.

 **1.2** Plaintiff John Arcaro filed a class action complaint against NAPG on October 31, 2016 styled as *Arcaro v. North American Power & Gas, LLC*, Civil Action No. 3:16-cv-01921-WWE (the "Arcaro Action"), in the United States District Court for the District of Connecticut.

 **1.3** Plaintiff David Fritz filed a class action complaint against NAPG on May 6, 2014, styled as *Fritz v. North American Power & Gas, LLC*, Civil Action No. 3:14-cv-0634-WWE (the "Fritz Action"), in the United States District Court of Connecticut. On March 31, 2015, Michael Tully filed a class action complaint against NAPG, styled as *Tully v. North American Power & Gas, LLC*, Civil Action No. 15-cv-00469-WWE (the "Tully Action"). On April 21, 2015, Plaintiff Fritz filed a Motion to Consolidate Cases to be consolidated with *Tully v. North American Power & Gas, LLC*. The Fritz and Tully actions were consolidated by the Court on June 23, 2015 as *Fritz v. North American Power & Gas, LLC*, Civil Action No. 3:14-cv-0634-WWE.

 **1.4** Plaintiff Peggy Zahn filed a class action complaint against NAPG on May 22, 2015, styled as *Zahn v. North American Power & Gas, LLC*, Civil Action No. 14-C-8370 (the "Zahn Action"), in the United States District Court for the Northern District of Illinois.

 **1.5** The Parties recognize and acknowledge the benefits of settling these cases.

 **1.6** Plaintiffs believe that the claims asserted in their respective cases have merit and the evidence developed to date supports their claims. Despite the strengths of their respective cases, Plaintiffs are mindful of the problems of proof under, and possible defenses to, the claims

in this matter. Plaintiffs further recognize and acknowledge the expense and length of time it would take to prosecute this matter against NAPG through trial, post-trial proceedings, and appeals. Counsel for Plaintiffs have taken into account the uncertain outcome and risks of the litigation, including the difficulties and delays inherent in such litigation and the likelihood of protracted appeals. Counsel for Plaintiffs have, therefore, determined that the Settlement set forth in this Agreement is fair, reasonable, and adequate. The Settlement confers substantial benefits upon, and is in the best interests of, the Plaintiffs and the Settlement Class (hereafter defined).

**1.7**     NAPG maintains that it has a number of meritorious defenses to the claims asserted in these actions. Nevertheless, NAPG recognizes the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of any appeals, and the disruption to its business operations arising out of class action litigation. NAPG also recognizes the risk that a trial on class-wide claims might present. Accordingly, NAPG believes that the Settlement set forth in the Agreement is likewise in its best interests.

## II.   **DEFINITIONS**

As used in this Agreement and the attached exhibits (which are an integral part of the Settlement and are incorporated in their entirety by reference), the following terms shall have the meanings set forth below, unless this Agreement specifically provides otherwise. Other capitalized terms in this Agreement but not defined in this section shall have the meanings ascribed to them elsewhere in this Agreement.

**2.1**     "Actions" means, collectively, the Edwards Action, the Arcaro Action, the Fritz Action, the Tully Action, and the Zahn Action, each filed individually and on behalf of those similarly situated against NAPG and seeking representation for Class Members.

3

**2.2**     "Administration Expenses" means reasonable fees and expenses incurred by the Settlement Administrator for all tasks the Settlement Administrator and any third parties perform in furtherance of the notice and administration of the Settlement and to secure performance as forth in this Settlement, in an amount not to exceed four-hundred thousand dollars and zero cents ($400,000).

**2.3**     "Agreement" means this class action settlement agreement containing all terms, conditions, exhibits containing the entire agreement between the Parties.

**2.4**     "Attorneys' Fees and Costs" means such funds as may be awarded by the Court based on the Settlement described herein to compensate Class Counsel as determined by the Court, as described more particularly in Section VII of this Settlement.

**2.5**     "Benefit" means the cash payment available to a Claimant who files a Valid Claim under this Agreement. The specific Benefit paid is subject to review, audit, and validation by the Settlement Administrator based upon the terms and conditions of this Agreement.

**2.6**     "Claim" means a request for relief pursuant to this Settlement submitted by the Settlement Class Member on a Claim Form filed with the Settlement Administrator in accordance with the terms of this Settlement.

**2.7**     "Claim Deadline" means the date by which a Claim Form must be postmarked and mailed to the Settlement Administrator or electronically submitted to be considered timely. The Claim Deadline will be at 11:59 p.m. Eastern Time on the last day of the Claim Period.

**2.8**     "Claim Form" means the form attached hereto as Exhibit A, whether in electronic or "hard copy," that will be completed by the Settlement Class Member and submitted to the Settlement Administrator in order to receive benefits under the Settlement.

**2.9**    "Claim Period" means the period commencing upon mailing of the Notice (or such other time as the Court orders) and concluding sixty (60) days thereafter.

**2.10**    "Class Counsel" means Robert Izard, Craig Raabe and Seth Klein of Izard, Kindall & Raabe, LLP ("IKR"), Greg Blankinship and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), Matthew R. Mendelsohn of Mazie Slater Katz & Freeman, LLC ("MSKF") and Matthew D. Schelkopf of McCune Wright Arevalo, LLP ("MWA").

**2.11**    "Class Member(s)" means all Persons who were NAPG Variable Rate Customers during the Class Period in Connecticut, Illinois, Maryland, Maine, New Hampshire, New Jersey, Ohio, Pennsylvania, Rhode Island, Georgia or Texas. Excluded from the Settlement Class are: North American Power & Gas, LLC; any of its parents, subsidiaries, or affiliates; any entity controlled by either of them; any officer, director, employee, legal representative, predecessor, successor, or assignee of North American Power & Gas, LLC; any person enrolled in a North American Power & Gas, LLC affinity program; any person who has previously released claims that will be released by this Settlement; federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof) and the judges to whom the Actions are assigned and any members of their immediate families.

**2.12**    "Class Notice" means the notice of pendency and proposed settlement of class action that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement. The Class Notice, which will be available to Class Members on the website created and maintained by the Settlement Administrator, shall be in the forms of Exhibit B and Exhibit C to this Agreement.

**2.13**    "Class Period" means February 20, 2012 through, and including, June 5,

2017.

**2.14** "Class Representatives" means Plaintiffs Paul Edwards, Gerry Wendrovsky, Sandra Desrosiers, Linda Soffron, John Arcaro, David Fritz, Michael Tully, and Peggy Zahn.

**2.15** "Complaints" means the Class Action Complaints filed in the Actions.

**2.16** "Court" means the United States District Court for the District of Connecticut.

**2.17** "Defendant" or "NAPG" means North American Power & Gas, LLC, including its officers, directors, owners, operators, parents, subsidiaries, employees, agents, representatives, lawyers, insurers, and/or affiliates.

**2.18** "Effective Date" means the tenth day after the date on which all the following conditions are satisfied:

    a.    Execution of this Agreement by the Class Representatives and NAPG;

    b.    Entry of the Final Approval Order and Judgment by the Court approving this Agreement and all exhibits without material modification. (By way of illustration only, material modifications include but are not limited to: (1) any material change to the scope of the Released Claims set forth in this Settlement Agreement; (2) any material change to the Final Approval Order which limits or reduces any of the protections afforded to Defendant, (3) any material increase in the cost of the settlement to be borne by Defendant to be determined at the sole discretion of Defendant; (4) any non-trivial change to the Benefit, Class Notice, Claim Form, and claim process);

    c.    The passage of the earliest date on which: (i) the time for taking an appeal from the Final Approval Order and Judgment has expired, without any appeal having

been taken; or (ii) if an appeal is taken, the highest court to which such appeal may be taken affirms the Final Approval Order and Judgment or dismisses the appeal without, in either case, any modification of the Final Approval Order and Judgment that is in any respect unsatisfactory to the Parties.

2.19    "Fairness Hearing" or "Final Approval Hearing" means the final hearing to be conducted by the Court, on notice to the Settlement Class, to consider approval of the Settlement and Class Counsel's motion for approval of attorneys' fees and reimbursement of costs and expenses. The Parties will ask the Court to schedule a Fairness Hearing approximately ninety (90) days from the entry of the Preliminary Approval Order.

2.20    "Final Approval Order" means the Order granting final approval to the Settlement, which should not be entered earlier than ninety (90) days after the appropriate state and federal officials have been served with notice of the Settlement in accordance with the Class Action Fairness Act of 2005, as codified in 28 U.S.C. § 1715(b). Within twenty-one (21) days of the Court's entry of the Preliminary Approval Order, NAPG agrees to provide the Settlement Administrator with the names, last known addresses, account numbers, and Household usage amounts for electricity and natural gas supply service while on a variable rate plan for all Class Members.

2.21    "Household" means the physical dwelling at which a NAPG customer had an account for gas and/or electric service.

2.22    "Individual Settlement Amount" means the monetary amount calculated as of the end date of the Class Period that is allocated to each Class Member.

2.23    "Long-Form Notice" means the notice of pendency and proposed settlement of class action that the Parties will ask the Court to approve in connection with the motion for

preliminary approval of the Settlement. The Long-Form Notice, which will be available to Class Members on the website created and maintained by the Settlement Administrator, shall be substantially in the form of <u>Exhibit C</u> to this Agreement.

**2.24** "Named Plaintiff Enhancement Awards" means the monetary amount awarded by the District Court in recognition of the assistance provided by the Plaintiffs in the prosecution of the Actions, the amount of which is as set forth in Section VII.

**2.25** "NAPG Variable Rate Customer" means any Person who had a contract for variable rate gas or electric service during the Class Period.

**2.26** "Objection" means an objection filed with the Court by a member of the Settlement Class, objecting to any aspect of the Settlement.

**2.27** "Objection Deadline" means the last date on which a Class Member may object to the Settlement. The Objection Deadline will be specified in the Preliminary Approval Order and Notice.

**2.28** "Opt-Out" means a request by a Class Member to be excluded from the Settlement Class by following the procedures set forth in the Preliminary Approval Order and the Class Notice.

**2.29** "Opt-Out Deadline" means the last date on which a Class Member may request to be excluded from the Settlement Class. The Opt-Out Deadline will be specified in the Preliminary Approval Order and Notice.

**2.30** "Opt-Out Period" means the period that begins the day after the date on which the Notice is first mailed or published, and that ends no later than thirty (30) days prior to the Final Approval Hearing.

**2.31** "Person" means any natural person, corporation, partnership, business

organization or association, or other type of legal entity.

**2.32**   "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

**2.33**   "Preliminary Approval Order" means the Order preliminarily approving the Settlement, certifying the Settlement Class for the purposes set forth in this Agreement, and approving the form of notice to potential Class Members and shall be substantially in the form of Exhibit D to this Agreement.

**2.34**   "Released Claims" means and includes any and all claims, demands, rights, damages, obligations, suits, debts, liens, contracts, agreements, judgments, expenses, costs, liabilities, and causes of action of every nature and description, including claims for attorneys' fees, expenses and costs, whether known or unknown, suspected or unsuspected, existing now or arising in the future that (a) is or are based on any act, omission, inadequacy, misstatement, representation, harm, matter, cause or event whatsoever that has occurred at any time from the beginning of time up to and including the end of the Class Period and (b) arise from or are related in any way to this lawsuit or class action.

**2.35**   "Released Persons" means NAPG and its parents, subsidiaries, affiliates, predecessors, successors and assigns, as well as their respective current and former officers, directors, members, stakeholders, owners, employees, agents, attorneys and insurers.

**2.36**   "Releasing Parties" means Plaintiffs, all Settlement Class Members, Class Counsel, and any Person claiming by or through him/her/it, including any Person claiming to be his/her/its spouse, parent, child, heir, guardian, associate, co-owner, attorney, agent, administrator, devisee, predecessor, successor, assignee, representative of any kind, shareholder, partner, director, employee or affiliate.

**2.37**    "Settlement" means all of the terms, conditions and exhibits attached to this Agreement.

**2.38**    "Settlement Administrator" will be charged with determining the applicable Individual Settlement Amount for each Class Member in accordance with data provided by NAPG after review and approval by Class Counsel. The Settlement Administrator, subject to Court approval, will be Heffler Claims Group, unless another third-party administrator is later agreed to by the Parties in writing and approved by the Court.

**2.39**    "Settlement Class" or "Settlement Class Members" means all Class Members that do not Opt-Out of the Settlement.

**2.40**    "Settlement Website" means an internet website created and maintained by the Settlement Administrator. The URL of the Settlement Website shall be provided in the Notice Plan.

**2.41**    "Short-Form Notice" means the summary notice of the pendency and proposed settlement of class action that the Parties will ask the Court to approve in connection with the motion for preliminary approval of the Settlement that will be mailed to Class Members. The Short-Form Notice, which will be available to Class Members on the website created and maintained by the Settlement Administrator, shall be substantially in the form of Exhibit B to this Agreement.

**2.42**    "Valid Claim" means a Claim Form submitted by the Settlement Class Member that (a) is submitted in accordance with the directions accompanying the Claim Form and the provisions of the Settlement; (b) is, on the initial submission or following correction after receipt of a deficiency notice from the Settlement Administrator, accurately, fully, and truthfully completed, and executed by a Settlement Class Member, with all of the information requested in

the Claim Form; (c) is signed physically or by e-signature of a Settlement Class Member personally, subject to the penalty of perjury; (d) is returned via mail and post-marked by the Claims Deadline, or, if submitted online, is received by 11:59 p.m. Eastern Time on the final day of the Claim Period; and (e) is determined to be valid by the Settlement Administrator, jointly by the parties after good-faith consultation, or by the Court.

## III.   CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

3.1     The Parties agree that the Edwards Action, the Arcaro Action, the Fritz Action, the Tully Action, and the Zahn Action may each be certified as class actions under Fed. R. Civ. P. 23(a) and (b)(3) in accordance with the terms of this Agreement and without prejudice to NAPG's right to contest class certification in the event that this Agreement fails to become effective or is not fully implemented in accordance with its terms.

The Parties agree that, in order to effectuate the Settlement and class certification, it may be necessary for the Parties to transfer the Arcaro Action, the Fritz Action, the Tully Action, and the Zahn Action such that those actions are before the same judge and in the same Court as the Edwards Action.

The Parties agree that, in order to effectuate the Settlement and class certification, it may be necessary for the Parties to consolidate the Arcaro Action, the Fritz Action, the Tully Action, and the Zahn Action with and into the Edwards Action.

If the Settlement is not approved or this Agreement fails to be fully implemented, NAPG reserves all rights to object to any subsequent motion to certify a class in this or any other lawsuit and no representation or concession made in connection with the Settlement or this Agreement shall be considered law of the case or an admission by NAPG or to have any kind of preclusive effect against NAPG or to give rise to any form of estoppel or waiver by NAPG in these actions

or any other proceeding.

**3.2**   NAPG expressly denies any and all liability and/or wrongdoing with respect to any and all of the claims alleged in these lawsuits and any similar lawsuits and enters into this Settlement solely to compromise a disputed claim. Accordingly, any references to the alleged business practices of NAPG in this Settlement, this Agreement or the related Court hearings and processes shall raise no inference respecting the propriety of those business practices or any other business practices of NAPG.

## IV.   <u>REQUIRED EVENTS</u>

As soon as practicable after the execution of this Agreement, and, if necessary, transfer of the Arcaro Action, the Fritz Action, the Tully Action, and the Zahn Action, Class Counsel shall file this Agreement and a motion seeking entry of the Preliminary Approval Order, which order by its terms shall accomplish all of the following:

**4.1**   Preliminarily approve the Settlement and this Agreement as fair and reasonable to the Settlement Class;

**4.2**   Conditionally certify the Settlement Class for the purpose of effecting the Settlement;

**4.3**   Designate Plaintiffs as the representatives of the Settlement Class;

**4.4**   Designate Class Counsel as counsel for the Settlement Class;

**4.5**   Approve the Settlement Administrator and instruct the Settlement Administrator to perform the following functions in accordance with the terms of this Agreement, the Preliminary Approval Order, and the Final Approval Order:

a.   Process requests for Opt-Outs from the Settlement in accordance with Section IX of this Agreement;

b.      Process Objections to the Settlement in accordance with Section IX of this Agreement;

c.      Process Claim Forms in accordance with Section V of this Agreement; and

d.      Before disseminating Class Notice, establish the Settlement Website, which Class Members can visit to read and obtain additional information regarding the Settlement, including submission of Claim Forms.

e.      Seeking an order to stay any other proceedings affecting the certified class pending in any other Court.

**4.6**      Approve the form, contents, and method of notice to be given to the Settlement Class as set forth in Section VI of this Agreement, and direct NAPG to provide, and cause to be provided, such notice and to file with the Court a declaration of compliance with those notice requirements, as set forth in Section VI of this Agreement.

## V.      SETTLEMENT   CONSIDERATION   AND   PROCEDURES   FOR   PROVIDING BENEFITS TO SETTLEMENT CLASS MEMBERS

### 5.1      Benefit Available to Settlement Class Members

In order to qualify for a Benefit, Class Members must timely submit a completed Claim Form (substantially in the form of Exhibit A). This can be done on the Settlement Website by the Claims Deadline. Class Members may also submit a paper copy of the Claim Form. Claim Forms submitted via mail must be postmarked on or before the Claims Deadline. Claim Forms submitted using the Settlement Website must be submitted by 11:59 p.m. Eastern Time on the final day of the Claim Period. In consideration of the Settlement and Release given herein, NAPG will make the following Benefit available to each Class Member who submits a Valid Claim:

a.   NAPG Variable Rate Customers shall receive $.00351 per kilowatt hour for electric supply service received from NAPG while on a variable rate plan.

b.   NAPG Variable Rate Customers shall receive $.0195 per therm for natural gas supply service received from NAPG while on a variable rate plan.

c.   Should the total Benefit calculated for a NAPG Variable Rate Customer who submits a Valid Claim be less than $2, that Customer shall be entitled to receive a $2 Benefit.

d.   In the event that the NAPG Variable Rate Customer has more than one Household, then the Class Member may file another Claim seeking a Benefit in accordance with 5.2(a) and receive another Individual Settlement Amount for that additional Household.

The total Benefit amount payable by NAPG shall be subject to a $16,053,000 cap.  In the event that the value of the Benefits claimed exceeds $16,053,000, the Benefit payable to each NAPG Variable Rate Customer will be reduced *pro rata* based on the individual's electric supply and/or natural gas supply use while on a variable rate plan.

The Benefits described in this Section will be available on a "claims made" basis and NAPG will pay or, cause to be paid, Valid Claims. This Agreement does not create any vested property interest or unclaimed property rights for Settlement Class Members who do not file Valid Claims.

All Class Members who submit a Claim Form must sign (or, in the case of claims made on-line on the Settlement Administrator's website, electronically confirm), as part of the Claim Form, an attestation under penalty of perjury that: (i) they (or their business) are/were a named account holder with NAPG during the Class Period; (ii) they were a

14

customer of NAPG between February 20, 2012 and June 5, 2017 in Connecticut, Illinois, Maryland, Maine, New Hampshire, New Jersey, Ohio, Pennsylvania, Rhode Island, Georgia or Texas; (iii) they did not have their account balance discharged due to bankruptcy or receivership; (iv) they acknowledge that submission of the Claim Form waives any Opt-Out rights that they may otherwise have; and (v) they have the legal authority to submit the Claim.

Class Members who are paid by check shall have ninety (90) days within which to cash or deposit those checks. Upon the expiration of such period, any check not cashed or deposited will become void. The voiding of any such check by the passage of time as described in this paragraph shall not serve to invalidate the release given in Section XII hereof by any Class Member who failed to timely negotiate his or her check.

## VI.   PROCEDURES FOR PROVIDING BENEFIT TO SETTLEMENT CLASS MEMBERS

**6.1**    The Parties shall jointly ask the Court to approve Heffler Claims Group as the Settlement Administrator. The Settlement Administrator shall, subject to the supervision of the Court, administer the relief provided by this Agreement by processing Claim Forms in a rational, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel, NAPG's Counsel, the Parties, and their representatives promptly upon request.

**6.2**    The Settlement Administrator shall be responsible for, among other things, providing notice as set forth in the Notice Plan, processing Claim Forms, and administering the Settlement Website, Opt-Out process, and Settlement claims process described herein (including

receiving and maintaining on behalf of the Court and the Parties any Class Members' correspondence regarding Opt-Out requests from the Settlement Class). The Settlement Administrator will use adequate and customary procedures and standards to prevent the payment of fraudulent claims including but not limited to: validating Claims against the Defendant's records, employing a unique Class Member identifier which Class Members will use to access the Claim Form via the Settlement Website and screening for multiple or fraudulent claims which are not consistent with the facts. The Settlement Administrator and Parties shall have the right to audit claims, and the Settlement Administrator may request additional information from Class Members submitting claims. If any fraud is detected or reasonably suspected, the Settlement Administrator may request further information from the Settlement Class Member (including by cross examination) or deny claims, subject to the supervision of the Parties and ultimate oversight by the Court. The Settlement Administrator shall approve or deny all claims, and its decision shall be final and binding, except that Class Counsel and Defendant shall have the right to audit claims and/or to challenge the Settlement Administrator's decisions.  In the event that any party disputes a decision by the Settlement Administrator, the parties shall confer in good faith and, if they are able to reach agreement, direct the Settlement Administrator accordingly.  Should the parties be unable to reach agreement, any party may submit the issue to the Court for resolution.

  **6.3**  The Parties will be jointly responsible for agreeing upon the form and language of the notice to the Settlement Class and they agree to cooperate in drafting that notice and ensuring that notice complies with the requirements of Federal Rule of Civil Procedure 23 and due process, subject to Court approval. Copies of the proposed notice to the Settlement Class shall be served and filed with the Motion for Preliminary Approval.

**6.4**    No later than thirty (30) days after the Preliminary Approval Order, a Short-Form Notice to the Settlement Class will be provided by United States Mail, postage prepaid, in a preprinted double-sided postcard format with a change of address form on the back flap and containing a unique class member identified. Notice to former customers of NAPG will be provided in the same manner, mailed to their last known addresses as reflected in records reasonably available to NAPG. The Long-Form Notice will be available on the Settlement Website to all Class members.

**6.5**    No later than twenty-one (21) days prior to the Final Approval Hearing, the Settlement Administrator shall certify to the Court compliance with the notice provisions of this section.

**6.6**    The Settlement Administrator will create and maintain a website to provide, among other things, copies of the Long-Form Notice discussed in the preceding section hereof, this Agreement, the Settlement Administrator's and Class Counsel's contact information, certain selected pleadings and Court orders from the Consolidated Action, a method for the electronic submission of Claim Forms at the appropriate time, and a method for requesting the Claim Form(s) by mail.

## VII.   CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF COSTS, AND NAMED PLAINTIFF ENHANCEMENT AWARDS

**7.1**    The Parties agree, subject to Court approval, that Robert Izard, Craig Raabe and Seth Klein of Izard, Kindall & Raabe, LLP ("IKR"), Greg Blankinship and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), Matthew R. Mendelsohn of Mazie Slater Katz & Freeman, LLC ("MSKF") and Matthew D. Schelkopf of McCune Wright Arevalo, LLP ("MWA") shall be appointed Class Counsel, without prejudice to NAPG's right to contest the appointment in the event that this Agreement is not fully implemented in accordance with its

terms. If the Settlement is not approved or this Agreement fails to be implemented fully, NAPG reserves all rights to object to any subsequent motion to appoint class counsel in these or any other actions.

**7.2**     Class Counsel will submit to the Court an application seeking a Fee Award of not more than three million six hundred seventy thousand dollars ($3,669,000) in attorneys' fees, expenses, and costs. From which, Class Counsel will also submit to the Court an application seeking leave to pay Named Plaintiff Enhancement Awards to each of the Class Representatives, as compensation for their efforts in bringing the Actions and achieving the benefits of the Settlement on behalf of the Settlement Class. The Fee Award shall be paid separate and apart from the Settlement Amount, and shall not take away from or otherwise reduce the monetary relief available to the Settlement Class. Court approval of Class Counsel's Fee Award will not be a condition of the Settlement. If the Court denies, in whole or part, Class Counsel's Application for a Fee Award, the remainder of the terms of this Agreement shall remain in effect. In addition, no interest will accrue on such amounts at any time. Neither Class Counsel nor Plaintiffs will request any award inconsistent with these terms.

**7.3**     NAPG agrees that it will not object to the amount of Class Counsel's Application for Fee Award up to the amounts set forth in the preceding paragraph, and agrees that it will pay the amounts approved by the Court no later than five (5) business days after the Effective Date.

**7.4**     Class Counsel shall provide NAPG with all necessary accounting and tax information, including W-9 forms, with reasonable advance notice to allow NAPG to make the Attorneys' Fees and Expenses award payment as set forth above.

**7.5**     NAPG has agreed to pay Class Counsel Attorneys' Fees and Costs in an amount to be approved by the Court, up to $3,669,000. NAPG has also agreed to pay Named

Plaintiff Enhancement Awards in an amount to be approved by the Court of up to $5,000 for each of the Class Representatives.  NAPG agrees to pay the Court-approved amounts to Class Counsel within five (5) business days after the Effective Date.

## VIII.  NOTICE AND DISSEMINATION TO THE SETTLEMENT CLASS AND CLAIMS DEADLINES

Subject to Court approval, the Parties agree that NAPG shall cause notice of the proposed Settlement to be provided to the Settlement Class by the following methods:

The Parties agree that the Class Notice shall be in the manner and form agreed upon by the Parties and approved by the Court. Collectively, the Class Notice shall in general terms set forth and sufficiently inform the Class Members of: (1) a short, plain statement of the background of the Actions, the Class certification, and the essential terms of the Settlement; (2) the appropriate means for obtaining additional information regarding the Settlement and the Actions; (3) the appropriate information concerning the procedure for Opting-Out from the Settlement and filing an Objection to the Settlement, if they should wish to do so; and (4) that any relief to Settlement Class Members is contingent on the Court's final approval of the Settlement. The Parties will request the Court to approve the Class Notice in the Preliminary Approval Order.

## IX.  OPT OUTS AND OBJECTIONS

Subject to an Order of the Court so providing, the Parties agree that:

### 9.1  Opt-Out

Any potential Class Member, other than any Class Representative, may elect to be excluded from this Settlement and from the Settlement Class by Opting-Out of the Settlement Class. Any potential Class Member who desires to be excluded from the Settlement Class must give written notice of the election to Opt-Out on or before the date

specified in the Preliminary Approval Order, with copies mailed to the Settlement Administrator, Class Counsel, and counsel for NAPG. Opt-Out requests must: (i) be signed by the Class Member who is requesting exclusion; (ii) include the full name, address, and phone number(s) of the Class Member requesting exclusion; and (iii) include the following statement: "I/We request to Opt-Out from the settlement in the <u>NAPG Action</u>." No Opt-Out request will be valid unless all of the information described above is included. No Class Member, or any person acting on behalf of or in concert or participation with that Class Member, may exclude any other Class Member from the Settlement Class. The last date for Class Members to Opt-Out of the Settlement will, subject to Court approval, be on the Opt-Out Deadline contained in the Preliminary Approval Order. Class Members who timely Opt-Out of the Settlement will not be bound by the terms of this Agreement, including any releases contained herein.

In the event that ten percent (10%) or more of the Settlement Class Opts-Out, NAPG shall have the option to elect to terminate this Agreement, in which circumstance the Settlement will become null and void and the parties will return to the *status quo ante* as described in Section III.

The Class Representatives affirmatively support this Settlement and agree not to Opt-Out of this Settlement. None of the Class Representatives, Class Counsel, NAPG, or its counsel shall in any way encourage any Class Member to opt out or discourage any Class Member from participating in this Settlement.

### 9.2   Objections

Any Class Member who wishes to object to the Settlement must file a written Objection and/or a notice of intention to appear before the Court at the Fairness Hearing, and serve copies

on the Settlement Administrator, Class Counsel, and counsel for NAPG. To be heard at the Fairness Hearing, the Class Members must make any Objection in writing and file it with the Clerk of Court by the Opt-Out and Objection Deadline. The Objection must also be mailed to each of the following, received no later than the last day to file the objection: (i) Class Counsel via Robert A. Izard, IZARD KINDALL & RAABE, LLP, 29 South Main St., St. 305, West Hartford, CT 06107 and D. Greg Blankinship, FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER LLP, 445 Hamilton Avenue, Suite 605, White Plains, NY 10601; and (ii) NAPG's counsel via Peter Siachos, GORDON & REES, LLP, 18 Columbia Turnpike, Suite 220, Florham Park, NJ 07932. Any Objection must (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm that the objector is a Class Member; (b) include a statement of such Class Member's specific Objection; (c) state the grounds for the Objection; (d) identify any documents such objector desires the Court to consider; (e) provide all information requested on the Claim Form. In addition, any Settlement Class Member objecting to the Settlement shall provide a list of all other Objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any Court in the United States in the previous five years. If the Settlement Class Member or his/her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she or it shall affirmatively so state in the Objection. Any Objection to be considered timely must be filed by the Objection Deadline contained on the Preliminary Approval Order.

Upon the filing of an objection, Class Counsel and Defendant's Counsel may take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection. Failure by an objector to make himself of herself available for deposition or comply

with expedited discovery may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

## X.   COSTS OF NOTICE AND ADMINISTRATION

NAPG shall be responsible to pay the Administration Expenses. Heffler Claims Group has been selected as the Settlement Administrator after a review and comparison of estimates made available by claims administration services contacted by both Parties. Efforts have been made to minimize the costs of notice and administration, including all costs relating to the Settlement by and through Heffler Claims Group.

## XI.   PROCEDURES FOR SETTLEMENT APPROVAL

### 11.1   Preliminary Approval

Promptly after the execution of this Agreement, Plaintiffs will move the Court for an order preliminarily approving this Agreement and requesting that the Court approve the form and content of the Short-Form Notice and Long-Form Notice to the Class, substantially in the forms of Exhibits B and C to this Agreement, as described in Section VIII above, and:

 a. certifying the Settlement Class, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a)(l)-(4) and (b)(3), with Plaintiffs Paul Edwards, Gerry Wendrovsky, Sandra Desrosiers, Linda Soffron, John Arcaro, David Fritz, Michael Tully, and Peggy Zahn appointed as Class Representatives for the Settlement Class and counsel for Plaintiffs appointed as Class Counsel for the Settlement Class;

 b. setting the date of the Fairness Hearing, upon notice to the Settlement Class, to consider:

1.   whether the Settlement should be approved as fair, reasonable, and adequate and whether the Released Claims of the Settlement Class against the Released Persons should be dismissed with prejudice;

2.   Class Counsel's motion for an award of attorneys' fees, costs and expenses; and

3.   the Named Plaintiff Enhancement Awards.

Class Counsel shall file a motion for final approval of settlement, and an application for the award of attorneys' fees, costs, and enhancement awards for named plaintiffs, no later than forty-five (45) days following the mailing of Notice (and so at least 15 days prior to the Objection Deadline. Class Counsel will respond to any objections to the foregoing motions no later than seven (7) days prior to the date of the Final Fairness Hearing.

Upon the filing of Plaintiffs' Motion for Preliminary Approval, counsel for NAPG will provide notice of the Settlement to the appropriate officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 with the costs of such notice to be paid by NAPG.

**11.2   Final Approval of the Court**

This Agreement and the Settlement embodied herein are subject to Final Approval by the Court. If the Settlement is approved, the Court will enter a judgment dismissing the claims against NAPG with prejudice. The Parties waive any right to appeal or collaterally attack a Final Approval Order entered by the Court.

If this Agreement or any part of it is materially modified by the Court or is materially modified upon appeal or remand, either Party may terminate this Agreement pursuant to Section XV. If no Party timely elects to terminate, then the Parties shall remain bound to the Settlement as so modified. For purposes of this paragraph, a "material modification" is one

that significantly affects the rights or obligations of one or more of the Parties. Without limiting the foregoing and by way of illustration only, material modifications include but are not limited to: (1) any material change to the scope of the Released Claims set forth in this Settlement Agreement; (2) any material change to the Final Approval Order which limits or reduces any of the protections afforded to Defendant, (3) any material increase in the cost of the settlement to be borne by Defendant to be determined at the sole discretion of Defendant; (4) any non-trivial change to the Benefit, Class Notice, Claim Form, and claim process. No order or action of the Court pertaining to attorneys' fees or expenses shall be considered to constitute a material modification so long as such order, action, or modification does not increase the cost of settlement to be borne by Defendant, and does not require that Defendant do anything not specifically set forth herein, or is one that significantly affects the rights or obligations of one or more of the Parties. Similarly, no order or action of the Court pertaining to the Named Plaintiff Enhancement Awards shall be considered to constitute a material modification so long as such order, action or modification does not increase the cost of Settlement to be borne by NAPG and does not require that NAPG do anything not specifically set forth herein. Any dispute as to the materiality of any modification or proposed modification of this Agreement shall be resolved by the Court.

## XII.   <u>RELEASES</u>

Upon the Effective Date and without any further action by the Court or by any Party to this Agreement, Plaintiffs and the Settlement Class Members and all of their administrators, executors, personal representatives, heirs, agents, attorneys, assigns, predecessors and successors, for good and sufficient consideration, the receipt and adequacy

of which is acknowledged, shall be deemed to, and shall, in fact, have remised, released and forever discharged any and all Released Claims, which they, or any of them, had or has or may in the future have or claim to have against any of the Released Persons.

The Releasing Parties hereby fully release and forever discharge the Released Parties from the Released Claims.

Without limiting the foregoing, the release specifically extends to claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the Settlement, and the release contained herein, becomes effective. This paragraph constitutes a waiver of, without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Releasing Parties understand and acknowledge the significance of these waivers of California Civil Code section 1542 and any other applicable federal or state statute, case law, rule or regulation relating to limitations on releases. In connection with such waivers and relinquishment, the Releasing Parties acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

25

## XIII.   FINAL JUDGMENT AND SETTLEMENT APPROVAL

This Agreement is subject to and conditioned upon the issuance by the Court of the Final Approval Order that finally certifies the Agreement Class for the purposes of this settlement, grants final approval of the Agreement, and provides the relief specified herein, which relief shall be subject to the terms and conditions of the Agreement and the Parties' performance of their continuing rights and obligations hereunder.

## XIV.   REPRESENTATIONS AND WARRANTIES

Each Party represents and warrants to, and agrees with, the other Party as follows:

**14.1**   Each Party has had the opportunity to receive, and has received, independent legal advice from his or its attorneys regarding the advisability of making the Settlement, the advisability of executing this Agreement, and the legal and income tax consequences of this Agreement, and fully understands and accepts the terms of this Agreement.

**14.2**   NAPG represents and warrants: (a) that it has the requisite corporate power and authority to execute, deliver and perform the Agreement and to consummate the transactions contemplated hereby; (b) that the execution, delivery and performance of the Agreement and the consummation by it of the actions contemplated herein have been duly authorized by necessary corporate action on the part of NAPG; and (c) that the Agreement has been duly and validly executed and delivered by NAPG and constitutes its legal, valid and binding obligation.

**14.3**   Class Representatives represent and warrant that they are entering into the Agreement on behalf of themselves individually and as proposed representatives of the Settlement Class Members, of their own free will and without the receipt of any consideration other than what is provided in the Agreement or disclosed to, and authorized by, the Court. Each Class Representative represents and warrants that he has reviewed the terms of the Agreement in

consultation with Class Counsel and believes them to be fair and reasonable, and covenants that he will not file an Opt-Out request from the Settlement Class or object to the Agreement.

**14.4**    Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against any of the Released Parties that Plaintiffs have, may have arising out of this lawsuit or could have asserted in this lawsuit, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs has any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs themselves.

**14.5**    Neither Party relies or has relied on any statement, representation, omission, inducement, or promise of the other party (or any officer, agent, employee, representative, or attorney for any other party) in executing this Agreement, or entering the Settlement provided for herein, except as expressly stated in this Agreement.

## XV.    <u>NO ADMISSIONS OF FAULT</u>

The Agreement and every Agreement and term contained in it is conditioned upon final approval of the Court and is made for settlement purposes only. Whether or not consummated, this Agreement shall not be construed as, offered in evidence as, received in evidence as, and/or deemed to be, evidence of a presumption, concession or an admission by Plaintiffs, NAPG, any Class Member or Released Party, of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or the deficiency of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, or of any liability, fault, wrongdoing or otherwise of such Party.

## XVI.    <u>MISCELLANEOUS PROVISIONS</u>

### 15.1    Termination of Agreement

This Agreement shall terminate (a) at the election of either Party in the event of any proposed material modification of this Agreement; (b) prior to approval of this Agreement by the Court, upon the mutual agreement of the Parties by and through their respective counsel; (c) in the event of any material modification as described in section 11.2 of this Agreement' or (d) in the event that more than 10% of the Settlement Class Opt-Out of the Settlement.

### 15.2    Entire Agreement

This Agreement, together with the Exhibits hereto, constitutes the entire agreement between the Parties with respect to the subject matter of the Settlement and supersedes all prior negotiations, communications, memoranda and agreements between the Parties. Neither Named Plaintiffs nor NAPG are entering into this Agreement in reliance upon any representations, warranties or inducements other than those contained in this Agreement.

### 15.3    Change of Time Periods

The time periods and/or dates described in this Agreement with respect to the giving of notices and hearings are subject to approval and change by the Court or by the written agreement of Plaintiffs' Counsel and Defendant's Counsel, without notice to Class Members except that the Settlement Administrator shall ensure that such dates are posted on the Settlement Website.

### 15.4    Extension of Time

The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Agreement.

### 15.5    Plaintiffs' Authority

Class Counsel represent and warrant that they are authorized to take all appropriate actions required or permitted to be taken by or on behalf of the Plaintiffs and, subsequent to an appropriate Court Order, the Settlement Class in order to effectuate the terms of this Agreement and are also authorized to enter into appropriate modifications or amendments to this Agreement on behalf of the Plaintiffs and, subsequent to an appropriate Court Order, the Class Members.

### 15.6    Counterparts

This Agreement may be executed in one or more counterparts, all of which together shall be deemed to be one and the same instrument. The Parties agree that a copy of the executed counterparts may be filed with the Court in connection with the motion to approve the Settlement, either in portable document format or some other suitable electronic form, as an exhibit to Plaintiffs' Motion for Preliminary Approval without the need to collate and file a copy with original signatures.

### 15.7    Cooperation

The Parties shall cooperate with the Settlement Administrator to the extent reasonably necessary to assist and facilitate the Settlement Administrator in carrying out its duties and responsibilities. The Parties will also cooperate so that Class Counsel may have such confirmatory discovery as is reasonably necessary in connection with this Agreement.

### 15.8    Binding Nature

This Agreement shall be binding upon the heirs, executors, administrators, successors and assigns of the Plaintiffs, Settlement Class Members, and NAPG.

### 15.9    Construing the Agreement

This Agreement shall not be construed more strictly against one Party than another

merely by virtue of the fact that it may have been initially drafted by counsel for only one of the Parties. It is recognized that this Agreement is the result of arm's-length negotiations between the Parties, and it is acknowledged that all Parties have contributed substantially to the preparation of this Agreement; accordingly, the doctrine of *contra proferentum* shall not apply in construing this Agreement, nor shall any other such similar doctrine apply.

### 15.10   Choice of Law

This Agreement shall be governed by and interpreted in accordance with the substantive common law of the State of Connecticut, exclusive of choice of law principles.

### 15.11   Jurisdiction

The Parties submit to the exclusive jurisdiction of the United States District Court for the District of Connecticut for the purpose of enforcing this Agreement or implementing any part of the Settlement embodied in this Agreement.

### 15.12   Headings

The captions and headings employed in this Agreement are for convenience only, are not a part of the Agreement, and shall not be used in construing or interpreting the Agreement.

### 15.13   Media and Contact of Class Members

To avoid contradictory, incomplete or confusing information about the settlement during the Claim Period, the Parties agree that if they make any written press releases or statements to the media about the settlement or containing any material produced in connection with the Actions before the conclusion of the Claim Period, such releases or statements will be approved by the Parties in advance and, where desired by the other Party, made jointly. Except as noted herein, neither Party will release any public statements

nor contact any Class Member in an effort to induce them to file claims except where such Class Members previously contacted Class Counsel.  No Party will make any reference to the total value of the Settlement on any website, or in any promotional material.

### 15.14  Evidentiary Preclusion

The Parties agree that, to the fullest extent permitted by law, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any Released Party or the appropriateness of class certification in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. In addition, any failure of the Court to approve the Settlement and/or any objections or interventions may not be used as evidence in the Action or any other proceeding for any purpose whatsoever. However, the Released Parties may file the Agreement and/or the Final Approval Order in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

### 15.15  Effect of Non-approval

In the event that this Agreement is not approved by the Court in substantially its present form, any Objection to the Settlement is sustained by the Court, or the Settlement does not become final for any reason including Termination pursuant to Section XV above,

the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties or the Class Members, and shall not be used in this Action or in any other action or proceeding for any purpose, and any order or judgment entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*. In such event, this Agreement and all negotiations, proceedings, documents prepared and statements made in connection with this Agreement shall be without prejudice to any Party or Class Member and shall not be admissible or offered into evidence in any action or proceeding, and shall not be deemed, asserted or construed to be an admission or confession by any Party or any other Person or entity of any fact, matter or proposition of law, and shall not be used or asserted in any other manner or for any purpose, and all Parties and Class Members shall stand in the same position as if this Agreement and Settlement had not been negotiated, made or submitted to the Court.

### 15.16  Effectiveness, Amendments, and Binding Nature

This Agreement may be amended only in writing signed by the Parties. Except as otherwise stated above, each Party, including Plaintiffs on behalf of themselves and the Settlement Class, expressly accepts and assumes the risk that, if facts or laws pertinent to matters covered by this Agreement are hereafter found to be other than as now believed or assumed by that party to be true or applicable, this Agreement shall nevertheless remain effective.

This Agreement is binding on, and shall inure to the benefit of, the Parties and their respective agents, employees, representatives, officers, directors, parents, subsidiaries, assigns, executors, administrators, insurers, and successors in interest. All Released Parties other than Defendant, which is a Party, are intended to be third-party beneficiaries of this

Agreement.

### 15.17  Stay Pending Court Approval

Class Counsel and NAPG's Counsel agree to stay all proceedings, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement, until the Effective Date of the Settlement has occurred. If, despite the Parties' best efforts, this Agreement should fail to become effective, the Parties will return to their prior positions in the Actions, in accordance with Section III of this Agreement.

The Parties also agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of any Class Member in, any other proceedings against any of the Released Parties which challenges the Settlement or otherwise asserts or involves, directly or indirectly, a Released Claim.

### 15.18  Signatures

This Agreement may be executed in counterparts, and, when so executed, shall constitute a binding original. Each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or signatures sent by email shall be deemed original signatures and shall be binding.

### 15.19  Notices

Whenever this Agreement requires or contemplates that one Party shall or may give notice to the other, notice shall be provided in writing by first class U.S. Mail and email to:

a.      If to Plaintiff or Class Counsel:

Robert A. Izard
IZARD KINDALL & RAABE, LLP
29 South Main St., St. 305
West Hartford, CT 06107

AND

D. Greg Blankinship
FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER LLP
445 Hamilton Avenue, Suite 605
White Plains, NY 10601

b.      If to NAPG or NAPG's Counsel:

Peter Siachos
GORDON & REES LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932

**15.20  Good Faith**

The Parties agree that they will act in good faith and will not engage in any conduct that will or may frustrate the purpose of this Agreement. The Parties further agree, subject to Court approval as needed, to reasonable extensions of time to carry out any of the provisions of the Agreement.

**15.21  Protective Orders**

All orders, settlement agreements and designations regarding the confidentiality of documents and information ("Protective Orders") remain in effect, and all Parties and counsel remain bound to comply with the Protective Orders, including the provisions to certify the destruction of "Confidential" documents.

**15.22  Confidentiality**

The terms of this Agreement shall remain confidential until filed in the United States District Court for the District of Connecticut.

**15.23  Binding on Successors**

The Agreement shall be binding upon, and inure to the benefit of, the heirs, and Released Parties.

**15.24  Arms-Length Negotiations**

The determination of the terms and conditions contained herein and the drafting of the provisions of this Agreement has been by mutual understanding after negotiation, with consideration by, and participation of, the Parties hereto and their counsel. This Agreement shall not be construed against any Party on the basis that the Party was the drafter or participated in the drafting. Any statute or rule of construction that ambiguities are to be resolved against the drafting party shall not be employed in the implementation of this Agreement and the Parties agree that the drafting of this Agreement has been a mutual undertaking.

### 15.24  Waiver

The waiver by one Party of any provision or breach of the Agreement shall not be deemed a waiver of any other provision or breach of the Agreement.

### 15.25  Exhibits

All Exhibits to this Agreement are material and integral parts hereof, and are incorporated by reference as if fully rewritten herein.

### 15.26  Retain Jurisdiction

The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the agreements embodied in this Agreement.

### 15.27  Support From The Parties

After a full investigation, discovery and arms-length negotiations, the Parties and their counsel agree that they: (a) have independently determined that this Settlement is in the best interest of the Class; (b) shall support motions for entry of the Preliminary

Approval Order and Final Approval Order; and (c) will not encourage any Persons to Opt-Out or file an Objection to the Settlement or this Agreement.

*(Signature pages follow)*

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the date and year first above written.

Dated this 16th day of January 2018.

---

Robert A, Izard
**Izard, Kindall & Raabe, LLP**


Peter Siachos
**Gordon & Rees, LLP**


---

D. Greg Blankinship
**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**


North American Power & Gas, LLC

By: _W. Thaddeus Miller_

Title: _Chief Legal Officer & Corporate Secretary_

*On Behalf of Defendant, North American Power & Gas, LLC*

---

Todd S. Garber
**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**


---

Matthew R. Mendelsohn
**Mazie Slater Katz & Freeman, LLC**


---

Matthew D. Schelkopf
**McCune Wright Arevalo, LLP**


---

Paul Edwards
*On Behalf of Plaintiff and the Proposed Settlement Class*

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the date and year first above written.

Dated this 16th day of January 2018.

_____
Robert A, Izard
**Izard, Kindall & Raabe, LLP**

_____
Peter Siachos
**Gordon & Rees, LLP**

_____
D. Greg Blankinship
**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

North American Power & Gas, LLC

By: _____

Title: _____

_____
Todd S. Garber
**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

*On Behalf of Defendant, North American Power & Gas, LLC*

_____
Matthew R. Mendelsohn
**Mazie Slater Katz & Freeman, LLC**

_____
Matthew D. Schelkopf
**McCune Wright Arevalo, LLP**

_____
Paul Edwards
*On Behalf of Plaintiff and the Proposed Settlement Class*

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of

the date and year first above written.

Dated this 16th day of January 2018.


_____
Robert A, Izard
**Izard, Kindall & Raabe, LLP**

_____
Peter Siachos
**Gordon & Rees, LLP**

_____
D. Greg Blankinship
**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

_____
North American Power & Gas, LLC

By: _____

Title: _____

_____
Todd S. Garber
**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

*On Behalf of Defendant, North American Power & Gas, LLC*

_____
Matthew R. Mendelsohn
**Mazie Slater Katz & Freeman, LLC**

_____
Matthew D. Schelkopf
**McCune Wright Arevalo, LLP**

_____
Paul Edwards
*On Behalf of Plaintiff and the Proposed Settlement Class*

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of

the date and year first above written.

Dated this 16th day of January 2018.

---

Robert A, Izard
**Izard, Kindall & Raabe, LLP**

---

Peter Siachos
**Gordon & Rees, LLP**

---

D. Greg Blankinship
**Finkelstein, Blankinship, Frei-Pearson &
Garber, LLP**

---

North American Power & Gas, LLC

By: _____

Title: _____

*On Behalf of Defendant, North American
Power & Gas, LLC*

---

Todd S. Garber
**Finkelstein, Blankinship, Frei-Pearson &
Garber, LLP**

---

Matthew R. Mendelsohn
**Mazie Slater Katz & Freeman, LLC**

---

Matthew D. Schelkopf
**McCune Wright Arevalo, LLP**

---

Paul Edwards
*On Behalf of Plaintiff and the Proposed
Settlement Class*

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement, as of the date and year first above written.

Dated this 16th day of January 2018.

_____
Robert A, Izard
**Izard, Kindall & Raabe, LLP**

_____
Peter Siachos
**Gordon & Rees, LLP**

_____
D. Greg Blankinship
**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

_____
North American Power & Gas, LLC

By: _____

Title: _____

*On Behalf of Defendant, North American Power & Gas, LLC*

_____
Todd S. Garber
**Finkelstein, Blankinship, Frei-Pearson & Garber, LLP**

_____
Matthew R. Mendelsohn
**Mazie Slater Katz & Freeman, LLC**

_____
Matthew D. Schelkopf
**McCune Wright Arevalo, LLP**

_____
Paul Edwards
*On Behalf of Plaintiff and the Proposed Settlement Class*

_____
Gerry Wendrovsky
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*


_____
Linda Soffron
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*


_____
Sandra Desrosiers
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*


_____
John Arcaro
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*


_____
David Fritz
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*


_____
Michael Tully
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*

_____

Gerry Wendrovsky
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*


_____ *with permission*

Linda Soffron
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*


_____ *with permission*

Sandra Desrosiers
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*


_____

John Arcaro
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*


_____

David Fritz
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*


_____

Michael Tully
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*

38

_____
Gerry Wendrovsky
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*

_____
Linda Soffron
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*

_____
Sandra Desrosiers
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*

_____
John Arcaro
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*

_____
David Fritz
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*

_____
Michael Tully
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*

_____
Gerry Wendrovsky
*On Behalf of Plaintiff and the Proposed
Settlement Class*

_____
Linda Soffron
*On Behalf of Plaintiff and the Proposed
Settlement Class*

_____
Sandra Desrosiers
*On Behalf of Plaintiff and the Proposed
Settlement Class*

_____
John Arcaro
*On Behalf of Plaintiff and the Proposed
Settlement Class*

_____
David Fritz
*On Behalf of Plaintiff and the Proposed
Settlement Class*

_____
Michael Tully
*On Behalf of Plaintiff and the Proposed
Settlement Class*

Peggy Zahn
*On Behalf of Plaintiff and the Proposed*
*Settlement Class*

# EXHIBIT A

# <u>CLAIM FORM</u>

## Edwards v. North American Power & Gas, LLC,
## No. 3:14-cv-1714 (VAB) (Dist. Conn.) (the "Action")

**IMPORTANT LEGAL MATERIALS**

| CLAIM FORM |
| :---: |

### <u>GENERAL INSTRUCTIONS</u>

**Settlement Class Members who seek payment from the Settlement must complete and return this Claim Form.**

1. Completed Claim Forms may be mailed to the Settlement Administrator at:

<div align="center">

Heffler Claims Group
1515 Market Street, Suite 1700
Philadelphia, PA 19102

</div>

2. Completed Claim Forms may alternatively be submitted online via the Settlement Website, www._____.com.

**Claim Forms must be POST-MARKED OR SUBMITTED ONLINE NO LATER THAN _____ ___, 2018 at 11:59 pm, eastern standard time.**

Before you complete and submit this Claim Form by mail or online, you should read and be familiar with the Notice of Proposed Class Action Settlement ("the Notice") available at www._____.com. Defined terms (with initial capitals) used in these General Instructions have the same meaning as set forth in the Settlement Agreement. By filing a Valid Claim, you may be eligible for a cash benefit of $0.00351 per kilowatt hour for electric supply service received and/or $0.0195 per therm for natural gas supply service received while on a variable rate plan during the Class Period. Your specific benefit will vary depending upon your usage of NAPG service during the Class Period. More information is available in the Notice.

# Edwards v. North American Power & Gas, LLC,
# No. 3:14-cv-1714 (VAB) (Dist. Conn.) (the "Action")

## (Please Print or Type)

Account Holder Full Name: [                                    ]

Property Address: [                                    ]

[                                    ]

(City)                          (State)        (Zip)

Class Member ID: [                                    ]

If your mailing address is different from Property Address, please provide the mailing address:

[                                    ]

[                                    ]

(City)                          (State)        (Zip)

| **Certification that this Claim Form is True, Correct and Submitted Subject to the Penalty of Perjury** |
|---|

**I hereby certify that:**

1. I am/was a named account holder with NAPG during the Class Period;
2. I was a customer of NAPG between February 20, 2012 and June 5, 2017 in Connecticut, Illinois, Maryland, Maine, New Hampshire, New Jersey, Ohio, Pennsylvania, Rhode Island, Georgia or Texas;
3. I did not have the account balance discharged due to bankruptcy or receivership;
4. I have not filed for an Opt-Out or to be excluded from this Settlement.
5. The information provided in this Claim Form is accurate and complete to the best of my knowledge, information and belief;
6. I have not submitted any other Claim for the same Household and have not authorized any other Person or entity to do so, and know of no other Person or entity having done so on my behalf;
7. I understand that Claims will be audited for veracity, accuracy and fraud.  Illegible and invalid Claims Forms will be rejected.

Signature: [                                    ]

Date: [                                    ]

{00289760 }

# EXHIBIT B

Class Member ID:

**Customers of North American Power & Gas LLC, who had variable rate electricity or natural gas service may be eligible for a cash benefit.  Your specific benefit will depend upon your electricity and/or natural gas usage while on a variable rate plan during the class period**

<u>**What is this about?**</u> A settlement has been reached with NORTH AMERICAN POWER & GAS, LLC ("NAPG") in a class action lawsuit claiming that NAPG made wrongful statements about its electricity and natural gas rates. NAPG denies the claims in the lawsuit. The parties have agreed to settle the dispute to avoid the cost and risk of a trial. The Class (which includes you) is comprised of anyone in the U.S. who had electricity and/or natural gas service provided by NAPG on a variable rate basis during the Class Period February 20, 2012 through June 5, 2017.

<u>**What are the terms of the settlement?**</u>  Current and former customers of NAPG who submit a valid claim are eligible for a cash benefit of $0.00351 per kilowatt hour for electric supply service received and/or $0.0195 per therm for natural gas supply service received while on a variable rate plan during the Class Period.  The *average* cash benefit is $2.87 for each month a class member was an NAPG customer during the Class Period.  Your *actual* specific benefit will vary depending upon your usage of NAPG service during the Class Period. However, the minimum total payment per valid claim will be $2.00.  If the total value of all claims submitted, plus fees and expenses, exceed the aggregate benefit amount, then your cash payment will be reduced proportionally.

<u>**How to Get Benefits?**</u> BY **ADD DATE**, go to WWW.XXX.COM and use the code on the front of this postcard to make a claim. Mailed Claim Forms are available for downloading at www.xxxx.com or by calling 1-888-XXX-XXXX.  Mailed claims must be postmarked by **ADD DATE**.

<u>**Your Other Options.**</u> If you don't want to be bound by the settlement, you must exclude yourself by sending a letter to the return address on the other side of this card by **ADD DATE**. Unless you exclude yourself you won't be able to sue NAPG for any claim asserted in this lawsuit or released by the Settlement Agreement. If you stay in the settlement, you may object to it or ask for permission for you or your own lawyer to appear and speak at the hearing—at your own cost—but you don't have to. Objections and requests to appear must be in writing and are due by **Month Day, 2018**. More information, including details on how to opt-out or object, is in the detailed notice and materials available on the settlement website, www.xxx.com. The Court will hold a hearing on **ADD DATE TIME AND PLACE** to consider whether to approve the settlement and to award attorneys' fees in an amount not to exceed $3,669,000 and awards for each of the 8 Class Representatives in an amount not to exceed $5,000 each.  The motion for attorneys' fees and costs and plaintiff incentive awards will be posted on the website after they are filed.

This is only a summary, for complete information, visit the website or call 1-888-XXX-XXXX.

{00289757 }

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PAUL T. EDWARDS, GERRY WENDROVSKY, SANDRA DESROSIERS and LINDA SOFFRON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>NORTH AMERICAN POWER & GAS, LLC,<br><br>    Defendant. | Case No:  3:14-cv-1714 (VAB) |

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

This Notice is to inform you of a proposed settlement of class action lawsuits pending against NORTH AMERICAN POWER & GAS, LLC ("NAPG" or "Defendant").  As described below, this settlement is on behalf of all persons who at any time from February 20, 2012 to June 5, 2017 were customers of NAPG and paid NAPG variable rates for electricity and/or natural gas in Connecticut, Illinois, Maryland, Maine, New Hampshire, New Jersey, Ohio, Pennsylvania, Rhode Island, Georgia or Texas.

NAPG's records indicate that you may be a member of the Class.  This Notice affects your legal rights and is given to you pursuant to Rule 23 of the Federal Rules of Civil Procedure. Please read this document carefully. IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.

| | | |
|---|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to get a Settlement Payment under the Settlement.<br><br>Submit an online Claim Form at www.xxxx.com by using the code on the front of the postcard mailed to you. You can also download a Claim Form to submit by mail at www.xxxx.com or receive one by calling 1-888-XXX-XXXX. | Deadline:<br>_____ |

| | | |
|---|---|---|
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement, you will not receive a Settlement Payment under the Settlement. Excluding yourself is the only option that allows you to ever bring or maintain your own lawsuit against NAPG regarding the allegations in the Action ever again. | Deadline: _____ |
| **OBJECT** | You may write to the Court about why you object to (*i.e.*, don't like) the Settlement and think it shouldn't be approved.  Filing an objection does not exclude you from the Settlement. | Deadline: _____ |
| **DO NOTHING** | You will not receive a Settlement Payment under the Settlement.  You will also give up your right to object to the Settlement and you will be not be able to be part of any other lawsuit about the legal claims in this case. | N/A |

- These rights and options—**and the deadlines to exercise them**—are explained in more detail below.

- The Court in charge of this Action has preliminarily approved the Settlement and must decide whether to give final approval to the Settlement.  The relief provided to Class Members will be provided only if the Court gives final approval to the Settlement and, if there are any appeals, after the appeals are resolved in favor of the Settlement.  ***Please be patient***.

**BACKGROUND INFORMATION** ....................................................................................................... **##**

    1.   Why did I get this notice?

    2.   What are the lawsuits about?

    3.   Why is this a class action?

    4.   Why is there a Settlement?

    5.   How do I know if I am part of the Settlement?

    6.   I'm still not sure if I am included.

**THE PROPOSED SETTLEMENT** ........................................................................................................ **##**

    7.   What relief does the Settlement provide to the Class Members?

**HOW TO REQUEST A SETTLEMENT PAYMENT OR VOUCHER – SUBMITTING A CLAIM FORM** ................................................................................................................................. **##**

    8.   How can I get a Settlement Payment?

    9   When will I get a Settlement Payment?

**THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFF**...........................##

    10.    Do I have a lawyer in this case?

    11.    How will the lawyers be paid?

    12.    Will the Representative Plaintiffs receive any compensation for their efforts in bringing the lawsuits?

**DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS** .........................................................##

    13.    What am I giving up to obtain relief under the Settlement?

**HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT**.....................................................##

    14.    How do I exclude myself from the Settlement?

**HOW TO OBJECT TO THE SETTLEMENT** ...................................................................................##

    15.    How do I tell the Court that I do not like the Settlement?

    16.    What is the difference between excluding myself and objecting to the Settlement?

**FAIRNESS HEARING**.....................................................................................................................##

    17.    What is the Fairness Hearing?

    18.    When and where is the Fairness Hearing?

    19.    May I speak at the hearing?

**ADDITIONAL INFORMATION** .......................................................................................................##

    20.    How do I get more information?

    21.    What if my address or other information has changed or changes after I submit a Claim Form?

<div style="background:black; height:2em;"></div>

### 1.   *Why did I get this notice?*

You received this Notice because a Settlement has been reached between the parties. According to NAPG's available records you are a member of the Settlement Class and may be eligible for the relief detailed below.

This Notice explains the nature of the Action, the general terms of the proposed Settlement, and your legal rights and obligations.  To obtain more information about the Settlement, including information about how you can see a copy of the Settlement Agreement (which defines certain capitalized terms used in this Notice), see Section ## below.

### 2.   *What are the lawsuits about?*

This settlement resolves several similar class actions against NAPG, entitled *Edwards v. North American Power & Gas LLC* (D. Conn); *Fritz v. North American Power & Gas LLC* (D. Conn); *Arcaro v. North American Power & Gas LLC* (D. Conn); *Tully v. North American Power*

& Gas LLC (D. Conn); and *Zahn v. North American Power & Gas LLC* (N.D. Ill.).  Plaintiffs Paul Edwards, Gerry Wendrovsky, Sandra Desrosiers, Linda Soffron, John Arcaro, Michael Tully, David Fritz, and Peggy Zahn (the "Representative Plaintiffs") filed lawsuits against NAPG on behalf of themselves and all others similarly situated.  The lawsuits allege that NAPG made misleading representations, contrary to its obligations under applicable laws.  Plaintiffs also allege that NAPG's rates were not, as it claimed in its consumer contracts, based on market related factors or prevailing market rates.

NAPG denies each and every one of the allegations of unlawful conduct and contends that its rates were adequately disclosed and reasonably related to the relevant markets for electric and gas service.

**The issuance of this Notice is not an expression of the Court's opinion on the merits or the lack of merits of the Representative Plaintiffs' claims in the lawsuits.**

For information about how to learn about what has happened in the lawsuits to date, please see Section ## below.

| | |
|---|---|
| **3.** | ***Why is this a class action?*** |

In a class action lawsuit, one or more people called "Representative Plaintiff(s)" (in this case, Paul Edwards, Gerry Wendrovsky, Sandra Desrosiers, Linda Soffron, John Arcaro, Michael Tully, David Fritz and Peggy Zahn) sue on behalf of other people who have similar claims.  For purposes of this proposed Settlement, one court will resolve the issues for all Class Members.  The company sued in this case, NAPG, is called the Defendant.

| | |
|---|---|
| **4.** | ***Why is there a Settlement?*** |

The Representative Plaintiffs have made claims against NAPG.  NAPG denies that it has done anything wrong or illegal and admits no liability.  The Court has **not** decided that the Representative Plaintiffs or NAPG should win the lawsuits.  Instead, both sides agreed to a Settlement.  That way, they avoid the cost of a trial, and the Class Members will receive relief now rather than years from now, if at all.

| | |
|---|---|
| **5.** | ***How do I know if I am part of the Settlement?*** |

The Court has decided that everyone who fits this description is a Class Member for purposes of the proposed Settlement:  all persons who at any time from February 20, 2012 to June 5, 2017, were customers of NAPG and paid NAPG variable rates for electricity and/or natural gas in Connecticut, Illinois, Maryland, Maine, New Hampshire, New Jersey, Ohio, Pennsylvania, Rhode Island, Georgia or Texas.  Excluded from the Class are NAPG; any of its parents, subsidiaries, or affiliates; any entity controlled by any of them; any officer, director, employee, legal representative, predecessor, successor, or assignee of NAPG; any customers enrolled in a NAPG affinity program; any person who has previously released claims that will be released by this Settlement; and federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof) and the judges to whom the Actions are assigned and any members of their immediate families.

| | |
|---|---|
| **6.** | ***I'm still not sure if I am included.*** |

If you are still not sure whether you are included, you can contact the Claims Administrator for free help about whether you are a Class Member.  The email address of the Claims Administrator is _____, the U.S. postal (mailing) address is _____, and the toll-free telephone number is _____.

<div style="background:black; height:30px"></div>

### 7.    *What relief does the Settlement provide to the Class Members?*

Each class member may elect to receive a Settlement Payment in the form of a check.  The *average* cash benefit is $2.87 for each month a class member was an NAPG customer during the Class Period.  Your *actual* benefit will vary depending upon your usage of NAPG service during the Class Period. The specific amount of a customer's check will be calculated this way: the customer will receive a cash benefit of $.00351 per kilowatt hour for electric supply service received and/or $.0195 per therm for natural gas supply service received from NAPG while on a variable rate plan during the Class Period. For example, a customer who used 5,000 kWh of electric supply service will receive a check in the amount of $17.55. However, the minimum total payment per valid claim will be $2.00.  If the total value of all claims submitted, plus fees and expenses, exceed $16,053,000, then each customer's cash payment will be reduced proportionately.

**In exchange for the relief outlined above, class members who do not opt out of the settlement (as described below) will relinquish their right to bring claims on their own behalf, including claims for monetary relief, and Class members will not be able to sue NAPG on the same or any related claims.  The proposed settlement does not mean that any law was violated or that NAPG did anything wrong.  Plaintiffs and Class Counsel think the proposed settlement is fair, and in the best interests of all Class members.**

<div style="background:black; height:30px"></div>

### 8.    *How can I get a Settlement Payment?*

To qualify for a Settlement Payment, you must send in a Claim Form by the deadline.  A Claim Form is available by clicking HERE or on the Internet at the website _____. The Claim Form may be submitted electronically or by postal mail.  Read the instructions carefully, fill out the form, and postmark it by _____ or submit it online not later than 11:59 p.m. (Eastern) on _____.

### 9.    *When will I get a Settlement Payment?*

As described in Sections ## and ## below, the Court will hold a hearing on _____ at _____, to decide whether to approve the Settlement.  If the Court approves the Settlement, after that, there may be appeals.  It's always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  You can check on the progress of the case on the website dedicated to the Settlement at

_____. *Please be patient.*

## THE LAWYERS IN THIS CASE AND THE REPRESENTATIVE PLAINTIFFS

### 10.    *Do I have a lawyer in this case?*

The Court has ordered that the law firms of Izard, Kindall & Raabe, LLP, Finkelstein, Blankinship, Frei-Pearson & Garber LLP, Mazie Slater Katz & Freeman, LLC, and McCune Wright Arevalo, LLP ("Class Counsel") will represent the interests of all Class Members. You will not be separately charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 11.    *How will the lawyers be paid?*

NAPG has agreed to pay Class Counsel's attorneys' fees and costs up to $3,669,000, subject to approval by the Court.  You will not be required to pay any attorneys' fees or costs for Class Counsel's attorneys' fees and costs.

### 12.    *Will the Representative Plaintiffs receive any compensation for their efforts in bringing this Action?*

The Representative Plaintiffs will each request a service award (also known as an "plaintiff enhancement award") of up to $5,000 for his/her services as class representative and his/her efforts in bringing the lawsuits.  The Court will make the final decision as to the amount to be paid to the Representative Plaintiffs.

## DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

### 13.    *What am I giving up to obtain relief under the Settlement?*

If the Court approves the proposed Settlement, unless you exclude yourself from the Settlement, you will be releasing your claims against NAPG.  This generally means that you will not be able to file a lawsuit, continue prosecuting a lawsuit, or be part of any other lawsuit against NAPG regarding the allegations in the lawsuits.  The Settlement Agreement, available on the Internet at the website _____ contains the full terms of the release.

## 

### 14.    *How do I exclude myself from the Settlement?*

Any potential Class Member who desires to be excluded from the Settlement Class must give written notice of the election to Opt-Out on or before the date specified in the Preliminary Approval Order, with copies mailed to the Settlement Administrator, Class Counsel, and counsel for NAPG. Opt-Out requests must: (i) be signed by the Class Member who is requesting exclusion; (ii) include the full name, address, and phone number(s) of the Class Member requesting exclusion; and (iii) include the following statement: "I/We request to Opt-Out from the settlement in the NAPG Action." No Opt-Out request will be

valid unless all of the information described above is included. If you timely request exclusion from the Class, you will be excluded from the Class, you will not be bound by the judgment entered, and you will not be precluded from prosecuting any timely, individual claim against NAPG based on the conduct complained of in the lawsuits.

<div style="background:black; height:1.5em;"></div>

| **15.** | ***How do I tell the Court that I do not like the Settlement?*** |

At the date, time, and location stated in Section ## below, the Court will hold a Fairness Hearing to determine if the Settlement is fair, reasonable, and adequate, and to also consider Class Counsel's request for an award of attorneys' fees and costs, and service awards to the Representative Plaintiffs.

If you wish to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, you must submit a written objection to the Court, Class Counsel, and NAPG's Counsel listed below, postmarked no later than _____ 2018.

| COURT | CLASS COUNSEL | NAPG'S COUNSEL |
|---|---|---|
| Clerk of the Court<br>Brien McMahon Federal Building<br>United States Courthouse<br>915 Lafayette Boulevard - Suite 417<br>Bridgeport, Connecticut 06604 | Robert A. Izard<br>Izard Kindall & Raabe, LLP<br>29 South Main St., St. 305<br>West Hartford, CT 06107<br><br>D. Greg Blankinship<br>Finkelstein, Blankinship, Frei-Pearson & Garber LLP<br>445 Hamilton Avenue, Suite 605,<br>White Plains, NY 10601 | Peter George Siachos<br>Gordon & Rees, LLP<br>18 Columbia Turnpike, Suite 220,<br>Florham Park, NJ 07932 |

Any Objection must (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm that the objector is a Class Member; (b) include a statement of such Class Member's specific Objection; (c) state the grounds for the Objection; (d) identify any documents such objector desires the Court to consider; (e) provide all information requested on the Claim Form. In addition, any Settlement Class Member objecting to the Settlement shall provide a list of all other Objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any Court in the United States in the previous five years. If the Settlement Class Member or his/her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she or it shall affirmatively so state in the Objection. You may, but need not, submit your objection through counsel of your choice.  If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**<u>IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS</u>**

**HEARING.**

If you submit a written objection, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the Settlement Agreement. You are not required, however, to appear. If you, or your attorney, intend to make an appearance at the Fairness Hearing, you must include on your timely and valid written objection a statement substantially similar to "Notice of Intention to Appear."

**16.   *What is the difference between excluding myself and objecting to the Settlement?***

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

## FAIRNESS HEARING

**17.   *What is the Fairness Hearing?***

The Court has preliminarily approved the Settlement and will hold a hearing to decide whether to give final approval to the Settlement. The purpose of the Fairness Hearing will be for the Court to determine whether the Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the award of attorneys' fees and expenses to Class Counsel; and to consider the request for a service awards to the Representative Plaintiffs.

**18.   *When and where is the Fairness Hearing?***

The Court will hold a Fairness Hearing (also known as a "Final Approval Hearing") at _____ a.m./p.m. on _____, 2018 in [COURTROOM] of the Brien McMahon Federal Building, United States Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604. The hearing may be postponed to a different date or time or location without notice. Please check _____ for any updates about the Settlement generally or the Fairness Hearing specifically. If the date or time of the Fairness Hearing changes, an update to the Settlement website will be the only way you will be informed of the change.

**19.   *May I speak at the hearing?***

At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

You may attend, but you do not have to. As described above in Section ##, you may speak at the Fairness Hearing only if (a) you have timely served and filed an objection, and (b) you have timely and validly provided a Notice of Intent to Appear.

If you have requested exclusion from the Settlement, however, you may not speak at the

Fairness Hearing.

## ADDITIONAL INFORMATION

### 20.   *How do I get more information?*

To see a copy of the Settlement Agreement, the Court's Preliminary Approval Order, Class Counsel's application for attorneys' fees and costs, and the operative complaints filed in the lawsuits, please visit the Settlement website located at: _____.  Alternatively, you may contact the Claims Administrator at the email address: _____, the U.S. postal address (mailing):   _____, or the toll-free telephone number: _____.

The description of these lawsuits is general and does not cover all of the issues and proceedings that have occurred.  In order to see the complete court file with regard to the Settlement and the underlying *Edwards, Fritz, Arcaro* and *Tully* actions, you should visit www.pacer.gov or the Clerk's office at the Brien McMahon Federal Building, United States Courthouse, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604.  The Clerk will tell you how to obtain the file for inspection and copying at your own expense.  Documents from the *Zahn* action are available from the Clerk of the Northern District of Illinois.

### 21.   *What if my address or other information has changed or changes after I submit a Claim Form?*

*Edwards v. North Am. Power & Gas, LLC Settlement*
c/o _____
_____
_____

\*\*\*\*

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: _____, 2018

By Order of the Court
CLERK OF THE COURT
United States District Court
District of Connecticut

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

---

PAUL T. EDWARDS, GERRY
WENDROVSKY, SANDRA
DESROSIERS and LINDA SOFFRON,
on behalf of themselves and all others
similarly situated,

                    Plaintiffs,

v.

NORTH AMERICAN POWER & GAS, LLC,

                    Defendant.

Case No:  3:14-cv-1714 (VAB)

---

**[PROPOSED] ORDER APPROVING PLAINTIFFS' UNCONTESTED**
**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**THIS CAUSE** is before the Court on Plaintiffs' Uncontested Motion for Preliminary Approval of Class Action Settlement.  Having reviewed the Motion, the Settlement Agreement, the Declarations of Robert A. Izard and Greg Blankinship, and the record in this case, and for good cause shown:

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

**Preliminary Approval of Settlement Agreement**

1.     The Court finds for the purposes of preliminary approval, that the proposed settlement, as set forth in the Parties' Settlement Agreement, is fair, reasonable, adequate, and in the best interest of the Class.  The Court further finds that the Settlement was entered into at arm's length by highly experienced counsel.  The Court therefore preliminarily approves the proposed Settlement.

**Class Certification**

2.     The Court conditionally certifies, pursuant to Federal Rule of Civil Procedure

23(a) and 23(b)(3), a Settlement Class defined as:

> All persons who at any time from February 20, 2012 to June 5, 2017 were customers of NAPG and paid NAPG variable rates for electricity and/or natural gas in Connecticut, Illinois, Maryland, Maine, New Hampshire, New Jersey, Ohio, Pennsylvania, Rhode Island, Georgia or Texas.

Excluded from the Settlement Class are: North American Power & Gas, LLC; any of its parents, subsidiaries, or affiliates; any entity controlled by either of them; any officer, director, employee, legal representative, predecessor, successor, or assignee of North American Power & Gas, LLC; any person enrolled in a NAPG affinity program; any person who has previously released claims that will be released by this Settlement; and federal, state, and local governments (including all agencies and subdivisions thereof, but excluding employees thereof) and the judges to whom the Actions are assigned and any members of their immediate families.

3.      Pursuant to the Settlement Agreement, and for Settlement purposes only, the Court finds as to the Settlement Class that:

a. the Class is so numerous that joinder of all members is impracticable;

b. there are questions of law or fact common to the Class;

c. the claims of the named Plaintiffs are typical of the claims of the Class;

d. the named Plaintiffs will fairly and adequately protect the interests of the Class;

e. questions of law and fact common to class members predominate over any questions affecting only individual Class members; and,

f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      The Court appoints Plaintiffs Paul Edwards, Gerry Wendrovsky, Sandra

Desrosiers, Linda Soffron, David Fritz, John Arcaro, Michael Tully, and Peggy Zahn as Representatives of the Settlement Class.

5.      The Court appoints D. Greg Blankinship and Todd S. Garber of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, Robert Izard, Craig Raabe and Seth Klein of Izard Kindall & Raabe LLP, Matthew R. Mendelsohn of Mazie Slater Katz & Freeman, LLC, and Matthew D. Schelkopf of McCune Wright Arevalo LLP to act as Class Counsel to the Settlement Class.

6.      The Court approves, as to form and content, the Short Form Notice and Long Form Notice attached as Exhibits B and C, respectively, to the Settlement Agreement, and finds that the distribution of the Settlement Notice substantially in accordance with Section VIII of the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure No. 23(c) and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

**<u>Notice To Potential Class Members</u>**

7.      The Court approves the form and content of the proposed Short Form Notice (attached hereto as Exhibit 1) and Long Form Notice (attached hereto as Exhibit 2) (collectively, "Class Notice") and approves the Parties' proposal to distribute the Short Form Notice by U.S. Mail and the Long Form Notice via the Internet, as set forth in the Settlement Agreement.  The Court finds that the Parties' proposal regarding class notice to potential class members constitutes the best notice practicable under the circumstances, and complies fully with the notice requirements of due process and Fed. R. Civ. P. 23.

8.      The Court approves the following schedule for dissemination of the Class Notice, requesting exclusion from the Settlement Class, or objecting to the Settlement, submitting papers

in connection with Final Approval, and the Final Approval Hearing, as follows:

| | |
|---|---|
| Within 21 days after entry of Order Preliminarily Approving the Settlement | Defendant shall provide names and addresses of Settlement Class Members to the Settlement Administrator. |
| Within 30 days after entry of Order Preliminarily Approving the Settlement | The Settlement Administrator shall mail the Short Form Notice to all Settlement Class Members. |
| Within 30 days after entry of Order Preliminarily Approving the Settlement | The Settlement Administrator shall cause the Settlement Agreement, this Order, and a copy of the Long Form Notice to be posted on the website created pursuant to the Settlement Agreement, as set forth in the Short Form Notice. |
| Upon mailing of Class Notice | Claim Period begins. |
| 45 days after mailing of Class Notice | Plaintiffs shall file a motion for final approval of settlement, and an application for the award of attorneys' fees, costs, and enhancement awards for named plaintiffs.  The Settlement Administrator shall cause any such motions to be posted on the Settlement website. |
| 60 days after mailing of Class Notice | Deadline for Settlement Class Members to submit Valid Claims.<br><br>Opt-Out Date: Deadline for Settlement Class Members to opt-out of Settlement.<br><br>Objection Date: Deadline for Settlement Class Members to object to terms of Settlement and to advise the parties and the Court of intent to appear at Final Approval Hearing. |
| 67 days after mailing of Class Notice | Deadline for the Settlement Administrator to provide counsel with affidavit of mailing of Short Form Notice. |
| 67 days after mailing of Class Notice | Deadline for the Settlement Administrator to provide counsel a list of all Class members who returned a timely request to opt-out of the Settlement (as described in the Class Notice). |
| At least 21 days prior to Final Approval Hearing Class Notice | Class Counsel shall serve and file an affidavit of the Settlement Administrator declaring compliance with the notice provisions of this Order and CAFA notice requirements. |
| At least 7 days prior to the Final Approval Hearing | Plaintiff shall file responses to any objections. |
| 90 days after Defendant serves notice required under 28 U.S.C. § 1715(b) | Earliest date for entry of order finally approving Settlement Agreement. |

## Claims Administration

9.   The Court approves Heffler Claims Group as the Settlement Administrator, with

the responsibilities set forth in the Settlement Agreement.

10.     Any Settlement Class Member may request to be excluded (or "opt-out") from the Class. A Settlement Class Member who wishes to opt-out of the Class must give written notice to the Settlement Administrator, Class Counsel, and counsel for NAPG by the Opt-Out Deadline.   Opt-Out requests must: (i) be signed by the Class Member who is requesting exclusion; (ii) include the full name, address, and phone number(s) of the Class Member requesting exclusion; and (iii) include the following statement: "I/We request to Opt-Out from the settlement in the NAPG Action."   Requests for Exclusion that are not timely will be considered invalid and of no effect, and the Person who untimely submits a Request for Exclusion will remain a Settlement Class Member and will be bound by any Orders entered by the Court, including the Final Approval Order and the Releases contemplated thereby.   Except for those Persons who have properly and timely submitted Requests for Exclusion, all Settlement Class Members will be bound by the Settlement Agreement and the Final Approval Order, including the Releases, regardless of whether they file a Claim or receive any monetary relief. Any Person who timely and properly submits a Request for Exclusion shall not: (a) be bound by any orders or the Final Approval Order nor by the Releases contained therein; (b) be entitled to any relief under the Settlement Agreement; (c) gain any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement. Each Person requesting exclusion from the Class must personally sign his or her own individual Request for Exclusion. No Person may opt-out of the Class for any other Person, or be opted-out by any other Person, and no Person shall be deemed opted-out of the Class through any purported "mass" or "class" opt-outs.

11.     Any Settlement Class Member who intends to object to the Settlement must do so by the Objection Deadline.   In order to object, the Settlement Class Member must file with the

Court prior to the Objection Deadline, and provide a copy to Class Counsel and Defendant's Counsel, also prior to the Objection Deadline, a document that includes all of the following:

  a.  attaches documents establishing, or provide information sufficient to allow the Parties to confirm that the objector is a Class Member;

  b.  includes a statement of such Class Member's specific Objection;

  c.  state the grounds for the Objection;

  d.  identify any documents such objector desires the Court to consider;

  e.  provide all information requested on the Claim Form; and,

  f.  provide a list of all other Objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any Court in the United States in the previous five years (if the Settlement Class Member or his/her or its counsel has not objected to any other class action settlement in the United States in the previous five years, he/she or it shall affirmatively so state in the Objection).

Any Settlement Class Member who fails to file and serve timely: (a) a written objection containing all of the information listed in items (a) through (f) of the previous paragraph; and, (b) notice of his/her intent to appear at the Final Approval Hearing pursuant to this paragraph, shall not be permitted to object to the Settlement and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by any means, including but not limited to an appeal.

Upon the filing of an objection, Class Counsel and Defendant's Counsel may take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the

objection. Failure by an objector to make himself of herself available for deposition or comply with expedited discovery may result in the Court striking the objection. The Court may tax the costs of any such discovery to the objector or the objector's counsel if the Court determines that the objection is frivolous or is made for an improper purpose.

**Fairness Hearing**

12.     A Fairness Hearing is hereby scheduled to be held before the undersigned on _____, 2018 at \_\_\_\_ am/pm, to consider the fairness, reasonableness and adequacy of the Settlement Agreement, the entry of a Final Order and Judgment in the case, any petition for attorneys' fees, costs and reimbursement of expenses made by Class Counsel, Service Awards to named Plaintiffs, and any other related matters that are brought to the attention of the Court in a timely fashion.

13.     Any member of the Class that has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless, in accordance with the deadlines above, such person: (a) filed with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the Settlement Agreement, and any documentation in support of such opposition; and (b) serves copies of such notice, statement and documentation upon all counsel.

14.     The date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to adjournment by the Court without further notice to the members of the Class other

than which may be posted on the Court's Electronic Case Filing (ECF) system or the website created pursuant to the Settlement Agreement, as set forth in the Short Form Notice.

15.     If Final Approval of the Settlement is not granted, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the parties' rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the Settlement and Preliminary and Final Approval process shall be vacated.  In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in this action for any purpose whatsoever.

**<u>Miscellaneous Relief</u>**

16.     The Court hereby stays all proceedings in this Court other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement, until the Effective Date of the Settlement has occurred.

17.     Additionally, the Court hereby prohibits and/or enjoins any other person or counsel from representing or prosecuting any claims on behalf of this Class in any other Court.

Dated: _____, 2018
Bridgeport, Connecticut                         SO ORDERED:


                                                _____
                                                Hon. Victor A. Bolden, U.S.D.J.

# EXHIBIT E

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

PAUL T. EDWARDS, GERRY
WENDROVSKY, SANDRA
DESROSIERS and LINDA SOFFRON,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

v.

NORTH AMERICAN POWER & GAS, LLC,

                Defendant.

Case No:  3:14-cv-1714 (VAB)

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Plaintiffs' Motion for Final Approval of the settlement and upon Class Counsel's Motion for Award of Attorney's Fees and Costs. Due and adequate notice having been given to the Settlement Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein, and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this litigation, and good cause appearing, **IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1.      For purposes of this Final Judgment and Order of Dismissal ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement filed in this case.

2.      The Court has jurisdiction over the subject matter of the litigation, the Representative Plaintiffs, the Class Members, and the Released Persons ("the Settling Parties").

3.      With respect to the Settlement Class and for purposes of approving this Settlement only, this Court finds as to the Settlement Class that:

(a) the Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class;

(c) the claims of the Representative Plaintiffs are typical of the claims of the Class;

(d) the Representative Plaintiffs will fairly and adequately protect the interests of the Class;

(e) questions of law and fact common to class members predominate over any questions affecting only individual Class Members; and,

(f)  a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of, and solely in connection with, the Settlement, the Court certifies this action as a class action on behalf of the following Settlement Class:

> All persons who, at any time from February 20, 2012 to June 5, 2017 were customers of NAPG and paid NAPG variable rates for electricity and/or natural gas in Connecticut, Illinois, Maryland, Maine, New Hampshire, New Jersey, Ohio, Pennsylvania, Rhode Island, Georgia or Texas.

5.      The Parties have complied fully with the notice provisions of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

6.      Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Court hereby finds and concludes that (1) the Short Form Notice was disseminated to members of the Settlement Class in accordance with the Settlement Agreement and the Court's Preliminary Approval Order, and (2) the Long Form Notice, the Claim Form, and the Settlement Website complied with this Court's Preliminary Approval Order.

7.     The Court finds and concludes that the Short Form Notice, the Long Form Notice, the Claim Form, the Settlement Website, and all other aspects of the notice, opt-out and claims submission procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class and the Settlement Class Members.

8.     **[_AS NEEDED:]** Certain Persons who fall within the definition of the Settlement Class have requested to opt out of the Settlement and have complied with the procedures established by the Settlement Agreement and this Court. These Persons are listed in Docket Entry No. [XX], and they will not be bound by the terms of the Settlement Agreement.

9.     The Court finds that the Settlement Agreement is the product of arm's length settlement negotiations between the Settling Parties.

10.     The Court finds and concludes that the Settlement is fair, reasonable, and adequate and should be approved.

11.     The Court hereby approves the Settlement (as set forth in the Settlement Agreement), the Releases, and all other terms in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settling Parties. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement. However, without seeking further Court approval, the Settling Parties may jointly agree to make changes to the Settlement Agreement, including to the manner in which the claims process shall be administered, provided that those changes do not reduce the benefits to which Settlement Class Members may be entitled, increase the burden on Settlement Class Members in making a Claim, or otherwise

materially alter the Settling Parties' obligations under the Settlement and the Settlement Agreement.

12.     By this Judgment, the Releasing Parties shall be deemed to have (and by operation of the Judgment shall have) fully finally, and forever released, relinquished and discharged all Released Claims against the Released Persons.

13.     This action is dismissed with prejudice. The Settling Parties are to bear their own attorney's fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

14.     **[_AS NEEDED]** This Court has considered and overruled all objections to the Settlement.

15.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Released Persons may file the Settlement Agreement and/or the Judgment from this litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     If for any reason the Effective Date does not occur, then (1) the certification of the Settlement Class shall be deemed vacated, (2) the certification of the Settlement Class for

settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and (3) the Settling Parties shall return to the *status quo ante* in the litigation as it existed on **[_Date of Preliminary Approval]**, without prejudice to the right of any of the Settling Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

17.     Upon consideration of Class Counsel's Motion for and Award of Fees and Costs, Class Counsel's Motion is GRANTED. Consistent with Section 7.5 of the Settlement Agreement, Defendants shall pay Class Counsel $3,669,000 in attorneys' fees and costs, consistent with the terms of the Settlement Agreement.  Per the Settlement Agreement, this award shall be paid separate and apart from the amounts received by members of the Settling Class.

18.     Upon consideration of Class Counsel's request for Plaintiff Enhancement Awards to the Representative Plaintiffs, the request is GRANTED. Consistent with the terms of Section 7.5 of the Settlement Agreement, Defendant shall pay Paul Edwards, Gerry Wendrovsky, Sandra Desrosiers, Linda Soffron, John Arcaro, Michael Tully, David Fritz and Peggy Zahn a Service Award in the amount of $5,000 each.  Per the Settlement Agreement, these Service Awards shall be paid separate and apart from the amounts received by members of the Settling Class.

19.     Within 120 days from the Effective Date, the Settlement Administrator shall destroy all personally identifying information about any Class Member in its possession, custody, or control, including (but not limited to) any list that the Settlement Administrator received from Defendant in connection with the Settlement Administrator's efforts to provide Notice to Class Members.

20.     Each and every Class Member, and any Person actually or purportedly acting on behalf of any Class Member, is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Persons. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

22.     This document is a final, appealable order, and shall constitute a judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure. By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Judgment complies in all respect with Federal Rule of Civil Procedure 65(d)(1).

Dated:  _____, 2018
Bridgeport, Connecticut                         SO ORDERED:


                                                _____
                                                Hon. Victor A. Bolden, U.S.D.J.

{00289758 }                          6