## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

PAUL T. EDWARDS, GERRY
WENDROVSKY, SANDRA
DESROSIERS and LINDA SOFFRON,
on behalf of themselves and all others
similarly situated,

                Plaintiffs,

v.

NORTH AMERICAN POWER & GAS, LLC,

                Defendant.

Case No:  3:14-cv-1714 (VAB)

## DECLARATION OF D. GREG BLANKINSHIP

I, D. Greg Blankinship, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct:

1.      I am a partner in the law firm of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG").  I respectfully submit this Declaration in support of Plaintiffs' Uncontested Motion for Preliminary Approval of Class Action Settlement.

### Background of the Litigation and Settlement Discussions

2.      The proposed Settlement is entered into to resolve the following actions: (1) *Edwards v. NAPG,* No. 3:14-cv-01714 (D. CT) and (2) *Arcaro v. North American Power & Gas, LLC*, No. 3:16-cv-01921 (D. CT) (collectively "*Edwards* Actions"); (3) *Fritz v. N. Am. Power & Gas, LLC*, No. 3:14-cv-634 (D. CT), (4) *Tully v. N. Am. Power & Gas, LLC*, No. 3:15-cv-469 (D. CT),4), and (5) *Zahn v. N. Am. Power & Gas, LLC*, No. 1:14-cv-8370 (N.D. IL) (collectively "*Fritz* Actions").  FBFG is counsel for Plaintiffs in the *Fritz* Actions and collaborated with Matthew R. Mendelsohn of Mazie Slater Katz & Freeman, LLC ("MSKF") and Matthew D.

Schelkopf of McCune Wright Arevalo, LLP ("MWA") in the *Fritz* and *Tully* cases.

3.    Before bringing each of the *Fritz* Actions, Plaintiffs' counsel exhaustively investigated Plaintiffs' claims and independently obtained copies of the relevant contractual terms and conditions, as well as samples of Defendant's marketing materials.  Plaintiffs' counsel also identified the relevant energy markets and the rates available from local utilities and other independent energy suppliers or ESCOs.

4.    *Fritz* and *Tully* have been consolidated before Judge Warren W. Eginton in the District of Connecticut in *Fritz* and asserts causes of action on behalf of Rhode Island and New Jersey classes.  *See* ECF Nos. 43, 58, 69.  Plaintiff Fritz and Tully have been appointed Interim Lead Plaintiffs and FBFG, MSKF, and Mr. Schelkopf (formerly, of Chimicles & Tikellis LLP) have been appointed Interim Class Counsel.  *See* ECF No. 58.  NAPG moved to dismiss both Plaintiffs' complaints, motions which were denied with the exception of breach of the covenant of good faith and fair dealing.  *See* ECF Nos. 42, 68.

5.    The Parties then proceeded with discovery, including the service of interrogatories, requests for admission, requests for production (that resulted in the production of hundreds of thousands of documents), discovery motions, party and fact depositions, and the service of expert reports.  Plaintiffs have also filed motions for class certification, although the briefing has been stayed given the proposed settlement.  *See* ECF Nos. 113, 114.

6.    *Zahn* is pending in the Northern District of Illinois and asserts causes of action on behalf of Illinois consumers.  NAPG moved to dismiss the Complaint, and on May 22, 2015, the Court granted the motion to dismiss on the basis that the Illinois Commerce Commission ("ICC") had exclusive jurisdiction over the dispute, and even if it did not, Plaintiff has not stated a cause of action.  *See* Memorandum, Opinion, and Order, ECF No. 47.

7.     Plaintiff appealed this decision to the Seventh Circuit.  After briefing and oral argument, on March 4, 2016, the Seventh Circuit certified the following question to the Illinois Supreme Court: Does the ICC have exclusive jurisdiction over a reparation claim, as defined by the Illinois Supreme Court in *Sheffler v. Commonwealth Edison Company*, 955 N.E.2d 1110 (Ill. 2011), brought by a residential consumer against an Alternative Retail Electric Supplier, as defined by 220 ILCS 5/16-102?  *See* Opinion, *Zahn v. N. Am. Power & Gas, LLC*, No. 15-2332 (7th Cir. Mar. 4, 2016), ECF No. 23.

8.     On December 1, 2016, following briefing and oral argument, the Illinois Supreme Court answered the question: "Under Illinois law, the Illinois Commerce Commission does not have exclusive original jurisdiction over such claims.  The claims may be pursued through the courts."  *See* Opinion Answering Certified Question, *Zahn v. N. Am. Power & Gas, LLC*, No. 120526 (Ill. Dec. 1, 2016).

9.     NAPG then filed a Petition for Rehearing in the Illinois Supreme Court, which petition was denied on January 23, 2017.  *See* Notice Denying Petition for Rehearing, *Zahn v. N. Am. Power & Gas, LLC*, No. 120526 (Ill. Jan. 23, 2017).

10.    On February 8, 2017, the Seventh Circuit reversed the District Court's decision that it lacked jurisdiction to hear the case, vacated its decision regarding the merits, and remanded for further proceedings.  *See* Opinion, *Zahn v. N. Am. Power & Gas, LLC*, No. 15-2332 (7th Cir. Feb. 8, 2017), ECF No. 32.

11.    The *Zahn* action is currently stayed pending approval of the Settlement.  *See Zahn*, No. 1:14-cv-8370 (N.D. IL July 12, 2017), ECF No. 72.

12.    In connection with the *Fritz* Actions, Plaintiffs engaged the services of Dr. Frank Felder, who is the Director of the Center for Energy, Economic & Environmental Policy at the

Rutgers University Edward J. Bloustein School of Planning and Public Policy.  Dr. Felder

provided his expertise with respect to the manner in which NAPG determined its rates, and he

assisted Plaintiffs in determining the extent to which NAPG's rates violated its contracts and in

calculating potential damages.

  13.  In mid-2015, the Parties in the *Fritz* Actions began to discuss the possibility of

settlement.  On December 14, 2015, the Parties participated in a mediation with Vivien B.

Shelanski, Esq. of JAMS, but were unable to reach agreement on relief for the class.  On

February 17, 2016, the Parties engaged in another mediation with Ms. Shelanski, but again,

remained far apart and were unable to reach a settlement.  Settlement discussions were then

halted and the Parties continued extensive discovery and motion practice for the next eleven

months.  After such discovery, and decisions by this Court to grant class certification and the

Illinois Supreme Court on the issue of jurisdiction, the Parties agreed to reengage in settlement

discussions.

  14.  On January 27, 2017, the Parties participated in a full-day mediation session with

Peter H. Woodin, Esq. of JAMS.  While no settlement was reached at that time, significant

progress was made and the Parties agreed to continue discussions.  On February 23, 2017, the

Participated in another full-day mediation session with Mr. Woodin where additional progress

was made, but additional issues remained.  Over the following months, the Parties continued to

discuss settlement both with the assistance of Mr. Woodin and independently.  Ultimately, on

June 27, 2017, the Parties reached a settlement in principle on the key terms of the Settlement

that would have resolved the *Fritz* Actions, *Claridge, et al. v. N. Am. Power & Gas, LLC*, No.

15-cv-1261 (S.D.N.Y.), a class action filed on behalf of New York consumers on NAPG's

variable rates for electricity, and other cases filed n behalf NAPG's variable rate customers in other states.

15.     The Parties in the *Fritz* Actions and *Claridge* filed a motion for preliminary approval of the Settlement in *Claridge* on August 4, 2017.  *See* ECF Nos. 108-112.  Plaintiffs' counsel in the *Edwards* Actions opposed preliminary approval before Judge Castel (where the *Claridge* case is pending) and wrote a letter seeking permission to move to intervene and raising certain concerns about the plan of allocation and, in addition, their belief that it was improper for the *Fritz* and *Claridge* Plaintiffs to include in the *Fritz* and *Claridge* settlement the states at issue in the *Edwards* Actions.  *See* ECF No. 113-1.  Judge Castel thereafter denied the *Fritz* and *Claridge* plaintiffs' motion for preliminary approval.  *See* ECF No. 116.

16.     Thereafter, the Parties in the *Fritz* and *Edwards* Actions agreed to submit to mediation jointly.  On September 25, 2017, they participated in a full-day mediation session with Mr. Woodin.  The Parties could not reach a settlement during that session.  Nevertheless, the Parties agreed to participate in another full-day mediation session with Hon. Diane M. Welsh, U.S.M.J. (Ret.), which resulted in the Parties reaching a settlement, the terms of which are before this Court for preliminary approval.

## FBFG Has Experienced Consumer Class Action Attorneys

17.     FBFG will fairly and adequately represent the interests of all class members. FBFG has a proven track record of zealously and successfully advancing the interests of class members in consumer class actions.

18.     FBFG has more than sufficient resources to represent the class.  FBFG's attorneys are highly qualified and have extensive experience in complex civil litigation and consumer class actions.  We are at the forefront of class action litigation concerning claims that an ESCO has

misrepresented the basis of its variable rate.  We understand the duties imposed upon class

counsel in consumer class actions and have proven adept at all phases of litigation, from

discovery and motion practice to trial and appeal or settlement.

19.     FBFG's partners have been recognized as "Super Lawyers" and have been

selected by their peers as amongst the New York area's "Best Lawyers."  The firm's lawyers

have been selected for admission to the Top Trial Lawyers in America™ and to the Litigation

Counsel of America's Trial Lawyer Honorary Society, as well as inducted as Fellows in the

American Bar Foundation.

20.     FBFG attorneys have successfully litigated complex class actions in federal and

state courts all across the country and have obtained successful results for clients against some of

the world's largest corporations.  FBFG has been appointed class counsel numerous times.  A

sampling of FBFG's more significant past and present cases can be found in the Firm's Resume,

a copy of which is attached hereto as Exhibit 1.

21.     FBFG attorneys have the requisite knowledge of the substantive and procedural

law to prosecute this class action.  FBFG has committed its resources to the vigorous litigation of

this case, has identified appropriate claims, and has aggressively pursued discovery to establish

the evidence necessary to obtain class certification and to prevail on the merits.

### Attorneys' Fees and Costs

22.     From inception through today, FBFG attorneys expended the following number of

hours at the following hourly rates, in performing legal services on behalf of Plaintiffs:

| Timekeeper | Position | Hours | Rate/Hour | Total |
|---|---|---|---|---|
| D. Greg Blankinship | Partner | 724.1 | $800 | $579,280 |
| Todd S. Garber | Partner | 218.7 | $800 | $174,960 |
| Antonino B. Roman | Associate | 889.7 | $575 | $511,577.50 |

| | | | | |
|---|---|---|---|---|
| Shin Hahn | Associate | 243.1 | $470 | $114,257 |
| John Sardesai-Grant | Associate | 103.1 | $550 | $56,705 |
| Andrew White | Associate | 82.9 | $350 | $29,015 |
| Kelly Casey | Paralegal | 28.2 | $200 | $5,640 |
| Evelyn Ozuna | Paralegal | 360.2 | $190 | $68,438 |
| **Total** | | 2650 | | **$1,539,872.50** |

23.     These numbers reflect extreme billing discretion in which we eliminated five (5) time keepers, each of which had less than 20 hours in the case.

24.     Based on my knowledge and experience, the rates charged by FBFG attorneys are within the range of rates normally and customarily charged by attorneys of similar qualifications and experience in cases of this kind.

25.     FBFG's hourly rates have been approved by courts across the country. *See, e.g., Goldemberg v. Johnson & Johnson Consumer Cos., Inc*., No. 13-3073 (S.D.N.Y. Nov. 1, 2017) (Roman, J.), ECF. No. 132; *Villanueva v. Wells Fargo Bank, N.A.*, No. 13-5429 (S.D.N.Y. Feb. 13, 2017) (Smith, J.), ECF. No. 116; *Bowman v. Wells Fargo Bank, N.A.*, No. 14-648 (S.D.N.Y. Feb. 13, 2017) (Smith, J.), ECF. No. 126; *Whittenburg v. Bank of America, N.A.*, No. 14-947 (S.D.N.Y. July 20, 2016) (Briccetti, J.), ECF. No. 119; *In re HIKO Energy LLC Litig.*, No. 14-1771 (S.D.N.Y. May 9, 2016) (Briccetti, J.), ECF. No. 93; *Adler v. Bank of America, N.A.*, No. 13-4866 (S.D.N.Y. Jan. 29, 2016) (Briccetti, J.), ECF. No. 89-1; *Reed v. Friendly's Ice Cream, LLC*, No. 15-298 (M.D. Pa. Jan. 31, 2017), ECF. No. 105; *Yoeckel v. Marriott Int'l, Inc.*, No. 703387/2015 (N.Y. Sup. Ct. May 3, 2017); *St. Joseph Health Sys. Med. Info. Cases*, JCCP No. 4716 (Cal. Sup. Ct. Feb. 3, 2016).

26.     In my judgment, and based on my years of experience, the number of hours expended and the services performed by FBFG attorneys and paraprofessionals were reasonable and expended for the benefit of Plaintiffs in these actions.

27.     The total number of hours spent by each of the above attorneys rendering services through the date of this declaration, multiplied by his or her individual rate per hour, equals $1,539,872.50

28.     FBFG also incurred expenses in the amount of $96,454.92.  These expenses include: travel, court fees, services fees, mediation fees, computer research, and other case-related expenses that commonly benefitted Plaintiffs.  All of these expenses were necessary and reasonable, and typical of expenses that courts approve for reimbursement.  Moreover, having accepted the case on a contingency basis, Class Counsel made a concerted effort to avoid unnecessary expenses and economized where possible.

29.     FBFG is a modestly-sized firm comprising eleven attorneys.  As a result, the time spent litigating against Defendant in the hope of eventually obtaining a substantial verdict or settlement for the Class, and a fee for Class Counsel, was a significant commitment of the Firm's resources.  FBFG spent very substantial time litigating this case that it could not spend on other matters.

30.     Moreover, because it is modestly-sized, the Firm carefully screens its class action contingency matters to enhance its likelihood of success.  Even then, there was absolutely no assurance that the extraordinary commitment of time and effort devoted to these actions would result in the payment of any fee at all.

Executed on June 6, 2018 in White Plains, New York.

FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP

By: _____

D. Greg Blankinship

# EXHIBIT 1

# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

# FIRM RESUME

**<u>Finkelstein, Blankinship, Frei-Pearson & Garber, LLP</u>**

The lawyers of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG") have successfully litigated complex class actions in federal and state courts across the country, and have obtained successful results for clients against some of the world's largest corporations.  A sampling of the Firm's more significant cases includes:

- *Claridge v. N. Am. Power & Gas, LLC*, No. 15-1261 (S.D.N.Y.)  Class action alleging that independent retail company mislead consumers regaridng the basis of its variable rate.  After denying the motion to dismiss, 2015 WL 5155934 (S.D.N.Y. Sept. 2, 2015), Judge Castel certified a class of New York consumers. 2016 WL 7009062 (S.D.N.Y. Nov. 30, 2016).  Plaintiff's motion for preliminary approval of a class settlement was subsequently granted on March 13, 2018.

- *Chen v. Hiko Energy, LLC*, No. 14-01771 (S.D.N.Y.).  Multistate class action alleging that Hiko falsely claimed to offer competitive electricity rates when its prices are substantially higher than market rates in violation of New York Gen. Bus. L. § 349 and other consumer protection laws.  On May 9, 2016, the Court certified the class, appointed the lawyers of FBFG as class counsel, and approved the settlement valued at over $10 million.

- *Wise v. Energy Plus Holdings, LLC*, No. 11-07345 (S.D.N.Y.).  Nationwide class action alleging that Energy Plus falsely claimed to offer competitive electricity rates when its prices are substantially higher than market rates in violation of New York Gen. Bus. L. § 349 and other consumer protection laws.  On September 17, 2013, the Court certified the class, appointed the lawyers of FBFG as lead class counsel, and approved the settlement valued at over $11 million.

- *Adler v. Bank of America, N.A,* No. 13-4866 (S.D.N.Y.).  Class action alleging that Bank of America failed to timely present certificates of discharge for mortgages that were satisfied in New York State.  On July 20, 2016, the Court certified the class, appointed the lawyers of FBFG as class counsel, and approved the settlement valued at over $7 million.

- *Zink v. First Niagara Bank, N.A.*, No. 13-01076 (W.D.N.Y.).  Class action alleging that First Niagara Bank failed to timely present certificates of discharge for mortgages that were satisfied in New York State.  On December 29, 2016, the Court certified the class, appointed the lawyers of FBFG as class counsel, and approved the settlement valued at over $2 million (Docket No. 135).

- *Villanueva v. Wells Fargo, N.A.*, No. 13-5429 (S.D.N.Y.).  Class action alleging that Wells Fargo failed to timely present certificates of discharge for mortgages that were satisfied in New York State.  On February 13, 2017, the Court certified the class, appointed the lawyers of FBFG as class counsel, and approved the settlement valued at over $2 million (Dkt. No. 116).

- *Huyer, et al. v. Wells Fargo & Co. and Wells Fargo Bank, N.A.*, No. 4:08-cv-507 (S.D. Iowa).  Class action alleging fraud, unjust enrichment, and RICO Act claims premised on defendants' practice of automatically charging fees to mortgagors in default for property inspections.  The Court granted final approval for a class settlement in which defendants agreed to pay $25,750,000 and appointed FBFG as Plaintiffs' counsel.

- *Saint Joseph Health System Medical Information Cases*, JCCP No. 4716 (Cal. Sup. Ct.).  Complex class action on behalf of approximately 31,800 patients who were victimized by a data breach.  An FBFG lawyer was appointed co-lead class counsel.  The Court denied Saint Joseph's demurrer and the Court of Appeals upheld that ruling.  The Court certified class and denied Saint Joseph's summary judgment motion; the Court of Appeals upheld those rulings as well.  On the eve of trial the parties reached a settlement valued at approximately $39 million and the Court preliminarily approved that settlement on October 2, 2015.  This settlement provides the more money per capita to individual class members than any other known data breach settlement on record.

- *Tyler v. Michaels Stores, Inc.*, No. 11-10920 (D. Mass.). State-wide class action alleging that Michaels Stores unlawfully collected consumers' private information.  After securing a groundbreaking decision by the Massachusetts Supreme Judicial Court, establishing that consumers whose privacy has been violated may bring consumer protection claims against companies that unlawfully collect personal identification information, the lawyers of FBFG were appointed as co-lead class counsel and negotiated a class-wide settlement, which the Court approved.

- *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, No. 13-3073 (S.D.N.Y.).  Class action alleging deceptive labeling in connection with Defendant's Aveeno Naturals brand of personal care products. Plaintiffs defeated Defendant's motions to dismiss and exclude Plaintiffs' expert's report, and obtained class certification and an appointment as Co-Lead Class Counsel.  On November 1, 2017, the Court approved a proposed settlement valued at $6.75 million.

- *Quinn v. Walgreen*, No. 12-8187 (S.D.N.Y.).  Nationwide settlement valued at $2.8 million to resolve Plaintiffs' claim that Defendant's glucosamine products did not perform as represented.  On March 24, 2015, the Court certified the class, appointed FBFG lawyers as Co-Lead Class Counsel and approved a nationwide $2.8 million settlement

FBFG is also counsel of record in numerous class actions throughout the country, including cases pending in United States District Courts in New York, California, Florida, Massachusetts, Nevada and Pennsylvania, as well as actions pending in the state courts of California, Florida, Maryland, Massachusetts, New Jersey and New York.

**Attorney Profiles**

**Greg Blankinship**

Greg Blankinship is a founding partner of FBFG, and he specializes in class actions in state and federal courts.  Mr. Blankinship has worked on substantial class action matters representing both defendants and plaintiffs in numerous state, federal, and multi-district class actions, including wage and hour and consumer fraud matters.  Mr. Blankinship has been named class counsel by numerous courts.  Mr. Blankinship was designated a New York Super Lawyer in 2014, 2015, 2017, and 2018, a distinction earned by only five percent of the lawyers in the New York metro area.

Prior to joining the Firm, Mr. Blankinship was an associate with Skadden, Arps, Slate, Meagher & Flom LLP and Greenberg Traurig, LLP.  Mr. Blankinship received his B.A. from Emory University in 1991 and his M.A. from the University of North Carolina in 1995.  He attended law school at the University of Washington, where he earned his J.D. in 2003.  While in law school, Mr. Blankinship was a member of the University of Washington Law Review.

A sampling of Mr. Blankinship's successful cases includes:

- Appointed Co-Lead Class Counsel in *Claridge v. North Am. Power & Gas, Inc.*, No. 15-1261 (S.D.N.Y.).  Plaintiffs alleged that North American Power falsely claimed to offer market-based electricity rates when its prices were substantially higher than market rates in violation of New York Gen. Bus. L. § 349, other consumer protection laws, and common law.

- Class Counsel in *Wise v. Energy Plus Holdings LLC*, No. 11-7345 (S.D.N.Y.).  Plaintiffs alleged that Energy Plus, an independent electricity supplier, misrepresented that its rates were reflective of the market when they were much higher.  The Court granted final approval of a settlement covering more than 400,000 consumers in eight states and valued at more than $11,000,000.

- Appointed Co-Lead Class Counsel in *Chen v. HikoEnergy, LLC*, No. 14-cv-01771 (S.D.N.Y.).  State-wide class action alleging that Hiko charged deceptively high electricity and natural gas rates.  On May 9, 2016, the Court certified the class and approved a settlement valued at over $10 million.

- Appointed Co-Lead Class Counsel in *Tyler v. Michaels Stores, Inc.*, No. 11-cv-10920 (D. Mass.).  Plaintiff alleged that Michaels unlawfully collected consumers' personal identification information.  FBFG negotiated a class-wide settlement, which the Court approved.

- Appointed Co-Lead Class Counsel in *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, No. 13-3073 (S.D.N.Y.).  Class action alleging deceptive labeling in connection with Defendant's Aveeno Naturals brand of personal care products.  Plaintiffs defeated Defendant's motions to dismiss and exclude Plaintiffs' expert's report, and won class certification.  On November 1, 2017, the Court approved a proposed settlement valued at $6.75 million.

- Appointed Co-Lead Class Counsel in *Tyler v. Bed Bath & Beyond, Inc.*, No. 13-10639 (D. Mass.).  Plaintiff alleged that Bed, Bath & Beyond illegally requested and recorded customers' ZIP codes.

- Appointed Class Counsel in *Brenner v. J.C. Penney Company, Inc.*, No. 13-11212 (D. Mass.).  Plaintiff alleged that J.C. Penney requested and recorded customers' ZIP codes, which it then used to identify consumers' mailing addresses to send them junk mail, in violation of Massachusetts law.  The Court granted final approval of a settlement valued at more than $3.5 million.

Mr. Blankinship is also an experienced appellate practitioner, having successfully obtained numerous groundbreaking decisions from federal and state appellate courts.  Examples include: *In Re Zappos.Com, Inc., Customer Data Security Breach Litigation*, No. 16-16860, 2018 WL 1189643 (9th Cir. Mar. 8, 2018) (reversing dismissal by district court and holding that consumers whose personal identification information was stolen in a data breach have Article III standing); *Zahn v. N. Am. Power & Gas, LLC*, 2016 IL 120526, 72 N.E.3d 333 reh'g denied (Jan. 23, 2017) (on certified question from the 7th Circuit, holding that the Illinois Commerce Commission does not have exclusive jurisdiction to hear consumer claims against alternative retail electricity suppliers); *Zahn v. N. Am. Power & Gas, LLC*, 847 F.3d 875 (7th Cir. 2017) (reversing dismissal of consumer's putative class action seeking redress for excessive electricity charges by alternative retail electricity supplier); *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 738 (2d Cir. 2017) (reversing dismissal of consumer's putative class action seeking redress for Whole Foods' alleged practice of representing the weight of prepackaged foods); *Tyler v. Michaels Stores, Inc.*, 464 Mass. 492, 984 N.E.2d 737 (2013) (on certified question from U.S. District Court for Massachusetts, finding that the collection of ZIP codes from consumers using credit cards violates Massachusetts consumer protection law).

Mr. Blankinship is admitted to practice in New York and Massachusetts and is a member of the bars of the U.S. District Courts for the Eastern, Western, Northerm, and Southern Districts of New York, the District of Connecticut, the District of Massachusetts, and the First, Second, Seventh, and Ninth Circuit Courts of Appeals.

## Andrew Finkelstein

Andrew Finkelstein is the Managing Partner of Finkelstein, Blankinship, Frei-Pearson & Garber, LLP.  He has become a noted consumer activist through his representation of injured individuals against corporate wrong doers and other irresponsible parties.

Mr. Finkelstein served as Captain of the 9/11 Victim Compensation Fund in a pro bono capacity, where he helped obtain over $10 million for victims and waived all legal fees associated with this representation.  Mr. Finkelstein is also the Chairman of the Plaintiff Personal Injury Steering committee for the Neurontin Liability Multi District Litigation in Boston, Massachusetts.  He has worked closely with the FDA regarding the adverse effects associated with Neurontin, having filed a Citizens Petition seeking enhanced warning of the side effects of this drug, specifically increased suicidal tendencies. Additionally, Mr. Finkelstein is a member of the Executive Steering Committee of the Hormone Replacement Therapy Multi District Litigation in both

Philadelphia, Pennsylvania and Little Rock, Arkansas.  He is a member of the Plaintiff Steering Committee of the Ortho Evra Birth Control Patch New Jersey Coordinated Litigation, and the Plaintiff Steering Committee of the Viagra Multi District Litigation in Minneapolis, Minnesota.

Mr. Finkelstein is a frequent lecturer at Continuing Legal Education courses.  His topics include "Science in the Courtroom", "Technology in the Courtroom", "Prosecution of a Pharmaceutical Case", "The Ethics of On-line Advertising", and "Structured Settlements and the Personal Injury Settlement."

In addition to these presentations, Mr. Finkelstein volunteers his time to present his "Commit to Quit Texting While Driving" seminar to area high school students.

## Jeremiah Frei-Pearson

Jeremiah Frei-Pearson is a founding partner of Finkelstein, Blankinship, Frei-Pearson & Garber. He is a passionate advocate and an experienced litigator who represents consumers and employees in complex class actions.  As a result of the victories he has won for his clients, the National Trial Lawyers Association selected Mr. Frei-Pearson as a member of the Top 100 Trial Lawyers in 2014 and 2015.  Mr. Frei-Pearson is a member of the Best Attorneys of America, a distinction that is limited to less than 1% of attorneys, and he is also designated as Super Lawyer, a distinction awarded to only 5% of the New York Metro Area.  Mr. Frei-Pearson practices in federal and state courts throughout the country and his areas of expertise include class actions, privacy, consumer fraud, employment law, and civil rights.

Prior to joining the Firm, Mr. Frei-Pearson was an associate with Kaye Scholer LLP, a multinational law firm, and a staff attorney with Children's Rights, a national public interest law firm representing children in foster care in class action reform lawsuits.  Mr. Frei-Pearson received his B.A. from Skidmore College, Magna Cum Laude, Phi Beta Kappa in 2000 and he earned his J.D. in 2003 from Stanford Law School.  While in law school, Mr. Frei-Pearson was a Public Interest Fellow and served as Senior Symposium Editor of the Stanford Law & Policy Review.

A sampling of Mr. Frei-Pearson's significant cases includes:

- Appointed co-class counsel in *Saint Joseph Health System Medical Information Cases*, JCCP No. 4716 (Cal. Sup. Ct.).  The Court denied Saint Joseph's demurrer and the Court of Appeals upheld that ruling.  After more than two years of litigation, the Court granted Plaintiffs' motion to certify a class of approximately 31,802 data breach victims.  On January 14, 2015, the Court denied Saint Joseph's motion for summary judgment.  The Court of Appeals upheld the Court's summary judgment and class certification decisions.  The case was set for trial on August 24, 2015, but the parties reached a settlement valued at approximately $39 million, which the Court preliminarily approved.  This settlement provides the more money per capita to individual class members than any other known data breach settlement on record.

- Appointed co-class counsel in *Reed v. Friendly's Ice Cream, LLC*, No. 15-cv-00298 (M.D. Pa.).  The Court denied motions to dismiss and ruled for plaintiffs

on several other motions in this wage and hour class action.  On January 31, 2017, ertified the settlement classes, appointed an FBFG lawyer as co-lead class counsel, and finally approved a settlement valued at over $4.6 million.

- Appointed co-class counsel in *Barkley v. Pizza Hut of America, Inc.*, No. 14-cv-376 (M.D. Fla.).  The Court denied defendant's motion to compel arbitration.  While Plaintiffs' class certification motion was *sub judice*, the parties reached a class settlement on behalf of a Florida class of delivery drivers alleging minimum wage violations.  The settlement, valued at $3.1 million, provides the highest per-person recovery in any delivery driver under-reimbursement class action. On June 21, 2017, the Court approved the settlement.

- Appointed class counsel in *Hanna v. CFL Pizza, LLC*, No. 05-2011-CA-52949 (Fl. Cir. Court).  On September 3, 2013, the Court granted final approval of a settlement that created a substantial settlement fund for pizza delivery drivers who alleged violations of Florida minimum wage law.

- Appointed co-class counsel in *Bellaspica v. PJPA, LLC*, No. 13-3014 (E.D. Pa.).  The Court denied defendant's motion to dismiss and granted conditional certification of an FLSA class of pizza delivery drivers who alleged minimum wage violations.  The parties reached a class settlement, which the Court has finally approved.

- Appointed class counsel in *Yoeckel v. Marriott*, No. 703387 (Queens Cty. Com. Div.).  Class action alleging that Marriott violated New York wage and hour laws.  On May 3, 2017, the Court finally approved a settlement that provided class members with 100% of the compensatory damages alleged.

- Appointed co-class counsel in *Miller v. Fresh*, No. 14-0880 (Mass. Suffolk Cty.).  State-wide class action alleging that Fresh unlawfully collected consumers' personal identification information.  On July 15, 2015 the Court certified a class and granted final approval to a settlement.

- Appointed co-class counsel in *Miller v. Patagonia*, No. 14-0888 (Mass. Suffolk Cty.).  State-wide class action alleging that Patagonia unlawfully collected consumers' personal identification information.  On February 9, 2015 the Court certified a class and granted final approval to a settlement.

- Counsel to the Plaintiffs in *D.G. ex rel. Stricklin v. Henry*, No. 08-cv-074 (N.D. Okl.).  In this class action to reform Oklahoma's foster care system, the Court certified a statewide class of Oklahoma's foster children (an opinion that was affirmed by the Tenth Circuit).  As a result of this litigation, Oklahoma has committed to restructuring its state foster care agency to eliminate dangerous practices (such as an unsafe shelter where babies in state custody disproportionately suffered fractured skulls), and improve measurable outcomes for children in state custody.

- As counsel in *Charlie and Nadine H. v. Christie*, No. 99-3678 (D.N.J.), worked with the state agencies, a federally appointed monitor, and the Court to help ensure implementation of a consent decree to reform New Jersey's foster care system.  Among many other significant achievements under the consent decree, New Jersey broke a record for adoptions achieved, significantly reformed supervision procedures that were inadequate, and substantially increased the percentage of foster children who subsequently attended college.  Mr. Frei-Pearson continues to be involved in this litigation in a *pro bono* capacity.

Mr. Frei-Pearson has received numerous awards for his legal work, including the New York City Bar Association's Thurgood Marshall Award for his work on death penalty cases, a citation from the New York City Council for his child advocacy work, and the 2010 Palomountain Award from Skidmore College.

Mr. Frei-Pearson is admitted to practice in New York and is a member of the bars of the U.S. District Courts for the Eastern, Western and Southern Districts of New York.

### Todd S. Garber

Todd S. Garber is a founding partner in the Firm.  Mr. Garber is an experienced litigator, who practices in state and federal courts.  His areas of experience include class actions, consumer fraud, securities fraud, complex commercial disputes, business torts, antitrust, and general litigation.  Mr. Garber was designated a New York Super Lawyer in 2013, 2014, and 2017, a distinction earned by only five percent of the lawyers in the New York metro area.

Prior to joining the Firm, Mr. Garber worked at Lowey Dannenberg Cohen & Hart, P.C., where he prosecuted and defended complex commercial litigation matters and class actions.

Mr. Garber's career achievements include:

- Appointed Class Counsel in *Brenner v. J.C. Penney Company, Inc.*, No. 13-11212 (D. Mass.).  Plaintiff alleged that J.C. Penney requested and recorded customers' ZIP codes, which it then used to identify consumers' mailing addresses to send them junk mail, in violation of Massachusetts law.  The Court granted final approval of a settlement valued at more than $3.5 million.

- Appointed Class Counsel in *Brenner v. Kohl's Corporation,* No. 13-cv-10935 (D. Mass).  State-wide class action alleging that Kohl's unlawfully collected consumers' personal identification information.  On March 12, 2014, the Court granted final approval to a settlement valued at $425,000 and appointed lawyers of FBFG class counsel.

- Appointed Co-Lead Class Counsel in *Quinn v. Walgreen*, No. 12-8187 (S.D.N.Y.).  Nationwide settlement valued at $2.8 million to resolve Plaintiffs' claim that Defendant's glucosamine products did not perform as represented.  .

On March 24, 2015, the Court finally approved the settlement and certified the class.

- Appointed Co-Lead Class Counsel in *Chen v. HikoEnergy, LLC*, No. 14-cv-01771 (S.D.N.Y.).  State-wide class action alleging that Hiko charged deceptively high electricity and natural gas rates.  On May 9, 2016, the Court certified the class and approved a settlement valued at over $10 million.

- Appointed Co-Lead Class Counsel in *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, No. 13-3073 (S.D.N.Y.).  Class action alleging deceptive labeling in connection with Defendant's Aveeno Naturals brand of personal care products.  Plaintiffs defeated Defendant's motions to dismiss and exclude Plaintiffs' expert's report, and won class certification.  On November 1, 2017, the Court approved a proposed settlement valued at $6.75 million.

- Appointed Co-Lead Class Counsel in *Tyler v. Bed Bath & Beyond, Inc.*, No. 13-10639 (D. Mass.).  Plaintiff alleged that Bed, Bath & Beyond illegally requested and recorded customers' ZIP codes.

- Class Counsel in *Wise v. Energy Plus Holdings LLC*, No. 11-7345 (S.D.N.Y.).  Plaintiffs alleged that Energy Plus, an independent electricity supplier, misrepresented that its rates were reflective of the market when they were much higher.  The Court granted final approval of a settlement covering more than 400,000 consumers in eight states and valued at more than $11,000,000.

- As counsel for the New York City Pension Funds, Lead Plaintiff in *In re Juniper Networks, Inc. Sec. Litig.*, No. C-06-04327 JW (N.D. Cal 2010), helped achieve a settlement of $169.5 million, one of the largest settlements in an options backdating case, after more than three years of hard-fought litigation.

- Involvement in the prosecution of a number of high-profile cases, which have resulted in hundreds of millions of dollars in recoveries for investors, including *In re WorldCom Securities Litigation*, *In re HealthSouth Securities Litigation, In re DaimlerChrysler AG Securities Litigation*, and *In re Bayer AG Securities Litigation*.

- Representation of institutional investors in stockholder voting rights and corporate governance cases, including *Gabelli Global Multimedia v. Western Investment LLC*, 700 F. Supp. 2d 748 (D. Md. 2010); *Delcath Systems, Inc. v. Ladd*, 466 F.3d 257 (2d. Cir. 2006); *Salomon Brothers Mun. Partners Fund, Inc. v. Thornton*, 410 F. Supp. 2d 330 (S.D.N.Y. 2006); *meVC Draper Fisher Jurvetson Fund I, Inc. v. Millennium Partners*, 260 F. Supp. 2d 616 (S.D.N.Y. 2003); and *Millenco L.P. v. meVC Draper Fisher Jurvetson Fund I, Inc.*, 824 A.2d 11 (Del. Ch. 2002).

Mr. Garber received his B.A. from Cornell University in 1999 and his J.D. from the Benjamin N. Cardozo School of Law in 2002, where he was articles editor for the Cardozo Journal of International and Comparative Law, and was competitively selected to work for the New York City Law Department's Corporation Counsel in its Appellate Division.

Mr. Garber co-authored "*Morrison v. National Australia Bank: The Potential Impact on Public Pension Fund Fiduciaries*," The NAPPA Report, Vol. 24, Number 3, August 2010, and "*Loss Causation in the Ninth Circuit*," New York Law Journal, September 2, 2008.

Mr. Garber is admitted to practice in New York and Connecticut and is a member of the bars of the U.S. District Courts for the Eastern, Western and Southern Districts of New York and the Second Circuit Court of Appeals.

## Bradley F. Silverman

Mr. Silverman is a highly experienced litigator.  He has represented individuals and public and private companies in courts throughout the country.  He has broad experience handling numerous types of disputes.  This experience includes the representation of plaintiffs and defendants in: class actions; contract disputes; employment matters; disputes relating to the management and control of closely held businesses; intellectual property and trade secret disputes; RICO actions; antitrust and unfair competition matters; real estate disputes; Title IX and other actions relating to college disciplinary proceedings; challenges to local and state laws that are either unconstitutional or preempted by federal law; and actions to enforce First Amendment rights.

At FBFG, Mr. Silverman's practice focuses on class actions in which he represents individuals across the country who have been harmed by the unlawful acts of companies.  Past class actions in which he has been involved include *In re: Coca-Coca Products Marketing and Sales Practices Litigation*, a multidistrict litigation where Mr. Silverman's prior firm served as co-lead counsel for all plaintiffs.  In that case and in other cases, he has asserted claims against some of the largest food manufacturers in the world for placing illegal, deceptive, and false statements on product labels.

Prior to joining FBFG, Mr. Silverman practiced at several of the leading litigation firms in New York City, including the international law firm of Kaye Scholer LLP (now Arnold & Porter Kaye Scholer LLP).  He received his undergraduate degree, *magna cum laude*, from Brandeis University.  He received his law degree from the University of Pennsylvania Law School where he served as a member of the Moot Court Board and as Senior Editor of the Journal of International Economic Law.  Born and raised in Brooklyn, New York, he and his family now reside in Westchester County.

## Chantal Khalil

Ms. Kahlil is an associate at FBFG, where she specializes in class actions in state and federal courts.  Ms. Kahlil received her J.D. from George Washington University Law School and her B.A. from New York University (*magna cum laude*).  During Law School, Ms. Kahlil served on *The George Washington International Law Review*, was recognized as a Thurgood Marshall Scholar and received President Obama's Volunteer Service Award.

## Antonino B. Roman

Mr. Roman is an associate at FBFG, where he specializes in class actions in state and federal courts. His past experience includes representing plaintiffs and corporate defendants in complex litigation matters.  He has participated in all phases of discovery and appeared in federal and state courts, and drafted federal and state briefs and pleadings, including winning summary judgment motions and federal appellate and trial briefs.

As an attorney at boutique litigation firms in New York City, he assisted in the prosecution of *In re: Initial Public Offering Securities Litigation*, a class action against issuers and underwriters of securities, and *In re: Wilmington Trust Securities Litigation*, a class action involving loan loss accounting issues.  He was also an associate at Wilson Elser Moskowitz Edelman & Dicker LLP, where his team served as lead defense counsel in *In re: Fashion Model Antitrust Litigation*, a horizontal price-fixing class action, and at Kaye Scholer LLP, where he oversaw the implementation of multi-district pretrial discovery in *In re: Rezulin Products Liability Litigation*. He also practiced law at Angara Abello Concepcion Regala & Cruz Law Offices, a top-tier litigation firm in the Philippines based on *Asia-Pacific Legal 500*'s annual rankings.

Mr. Roman is admitted to practice in New York, the Philippines, and the U.S. District Courts for the Northern, Southern and Eastern Districts of New York.  He is a graduate of Columbia University School of Law, where he obtained his LL.M. and served as an editor for the Columbia Journal of Transnational Law and Columbia Journal of Asian Law.  He obtained his J.D. and B.A. in Economics from Ateneo de Manila University, a Jesuit-run institution in the Philippines.

His numerous articles and commentaries on U.S. and Philippine legal issues have been published in the Columbia Journal of Asian Law, the Integrated Bar of the Philippines Law Journal, the Philippine Bar Association Newsletter, and the New York Law Journal.

## John Sardesai-Grant

Mr. Sardesai-Grant is an associate at FBFG, where he specializes in class actions in state and federal courts.

Before joining FBFG, John was an associate at Baritz & Colman LLP, where he represented clients in employment discrimination and commercial disputes. As of counsel to Reese Richman LLP, John brought cases against the New York Police Department on behalf of victims of police misconduct. As an associate at Brower Piven, P.C., he prosecuted complex securities fraud class actions on behalf of shareholders. And as an associate at Bickel & Brewer, a premier commercial litigation boutique, he represented clients in a variety of regulatory and commercial matters.

John earned his B.S. in Economics from The Wharton School at the University of Pennsylvania, as well as an M.A. in Chinese from the University of Pennsylvania's Graduate School of Arts and Sciences. John received his J.D. from New York University School of Law.

John is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York. He is a member of the New York County Lawyers Association, where he is Co-Chair of the Solo and Small Firm Practice Committee.

## Andrew White

Mr. White is an associate at FBFG, where he specializes in class actions in state and federal courts.  Mr. White received his J.D. from New York University School of Law and his B.A. from State University of New York, College at Potsdam.  During law school, Mr. White served as an editor for the Journal of Law and Liberty.  Mr. White is admitted to practice in New York.